Filed 6/26/13  Marriage of Mobley and Williams CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| In re the Marriage of KAREN ANN MOBLEY and JOHN RASEY WILLIAMS. | |
| KAREN ANN MOBLEY,<br><br>        Respondent,<br><br>v.<br><br>JOHN RASEY WILLIAMS,<br><br>        Appellant.<br><br>BUXBAUM & CHAKMAK<br><br>        Objector and Appellant | E054128<br><br>(Super.Ct.No. SWD1100308)<br><br>OPINION |

APPEAL from the Superior Court of Riverside County.  Judith C. Clark, Judge.  Dismissed.

Buxbaum & Chakmak and John Chakmak for Appellants.

Karen Ann Mobley, in pro. per., for Respondent

In this appeal, we were asked to decide whether the trial court erred in disqualifying a law firm from representing a husband in a dissolution action when the law firm had jointly represented the husband and his wife (1) in preparing a will and trust for the wife as part of a joint estate planning, (2) in a limited liability company jointly owned by them, and (3) in their dispute with a neighbor. However, after receipt of the tentative opinion, appellants requested the appeal be dismissed because the matter had been settled. The request is unopposed.

## I. PROCEDURAL BACKGROUND AND FACTS

Beginning in 1985, Appellant Buxbaum and Chakmak (the Law Firm) began representing John Rasey Williams (Husband) in both his business and personal matters. On September 28, 2002, Husband married respondent Karen Mobley (Wife). Prior to the marriage, the couple entered into a Prenuptial Agreement. The couple has one child.

On January 25, 2011, Husband filed for dissolution of marriage in Clark County, Nevada (case No. D-11-441003-D).[1] On February 7, Wife initiated this action by filing a Petition for Legal Separation (the Petition). The Petition was amended on February 22. On April 8, Husband moved to quash the Petition based on the dissolution action in Nevada. In May, Wife filed a motion to disqualify the Law Firm from representing Husband on the grounds that a "substantial relationship" existed by virtue of the fact that the Law Firm represented both

---

[1] A subsequent decree of divorce was entered in the Nevada action on June 2, 2011.

Husband and Wife with respect to their wills, trusts, and businesses. Husband opposed the motion and a hearing was held on June 8. After considering the evidence presented, along with argument of counsel, the trial court found that the Law Firm "has a conflict of interest and is disqualified from representing [Husband] in this action." On July 7, Husband filed his motion for reconsideration, which was denied on August 10, 2011. That same day, the trial court granted Husband's motion to quash, dismissing Wife's Petition. Both Husband and the Law Firm appeal.[2]

After this case was fully briefed and a tentative opinion had been drafted and mailed to the parties in April, the Law Firm contacted this court on April 19, 2013, requesting that the appeal be dismissed because the case had been settled. On May 9, we requested that appellants provide us with the date of settlement. By letter filed June 6, 2013, the Law Firm informed this court that the typewritten date on the settlement agreement is January 1, 2013, although the parties probably signed the agreement on another date in January.

## II. REQUEST FOR DISMISSAL

Pursuant to California Rules of Court, rule 8.244(c)(2),[3] "On receipt of a request or stipulation to dismiss, the court may dismiss the appeal and direct

---

[2] "Disqualified attorneys themselves have standing to challenge orders disqualifying them. [Citation.]" (*A.I. Credit Corp., Inc. v. Aguilar & Sebastinelli* (2003) 113 Cal.App.4th 1072, 1077.)

[3] All further rule references are to the California Rules of Court unless otherwise indicated.

immediate issuance of the remittitur." We note that dismissal is discretionary. While this court strongly encourages parties to resolve their differences, if possible, via the settlement process, once the case has been fully briefed, it is assigned to a justice for preparation of the tentative opinion. To that end, valuable court resources are engaged in reviewing the entire record, researching the issues raised, and drafting the tentative opinion. Out of courtesy to the court and all parties involved, when settlement of a case is being discussed, the party initiating those settlement discussions should request a stay of further action in order to avoid wasting valuable judicial resources. Moreover, rule 8.244(a)(1) states: "If a civil case settles after a notice of appeal has been filed either as a whole or as to any party, the *appellant who has settled must immediately serve and file a notice of settlement* in the Court of Appeal." (Italics added.)

"Since 1851, California appellate courts have been statutorily authorized to impose sanctions for the prosecution of frivolous civil appeals. [Citations.] Thus, under the present statute, section 907 of the Code of Civil Procedure (section 907), if a reviewing court has found an appeal 'was frivolous or taken solely for delay, it may add to the costs on appeal such damages as may be just.' Though the instant appeal is not frivolous within the meaning of *In re Marriage of Flaherty* (1982) 31 Cal.3d 637, 649 . . . and not taken for the purpose of delay, and section 907 is therefore inapplicable, the reasoning of courts that have imposed sanctions under section 907 is nevertheless pertinent to [the Law Firm's] conduct. Because the traditional purpose of imposing sanctions under section 907 was to compensate the

respondent for being put to the expense of defending a frivolous appeal or one taken solely for the purpose of delay, costs were ordinarily made payable to the respondent to compensate him or her for the costs necessarily incurred in answering the frivolous appeal.  Increasingly, however, sanctions for the filing of frivolous appeals have also been made payable to the court.  As [our colleagues in the First District, Division Four] pointed out in the much-cited opinion in *Finnie v. Town of Tiburon* (1988) 199 Cal.App.3d 1 . . . respondents 'are not the only parties damaged when an appellant pursues a frivolous claim.  Other appellate parties, many of whom wait years for a resolution of bona fide disputes, are prejudiced by the useless diversion of this court's attention.  [Citation.]  In the same vein, the appellate system and the taxpayers of this state are damaged by what amounts to a waste of this court's time and resources.  [Citations.]  Accordingly, an appropriate measure of sanctions should also compensate the government for its expense in processing, reviewing and deciding a frivolous appeal.  [Citation.]'  [Citations.]

"This reasoning is as applicable to the instant appeal as it is to those that are frivolous.  Indeed, where, as here, the rule violation did not injure the respondent, making sanctions payable to the court may be particularly appropriate because the misconduct would not otherwise be punishable, and judicial ability to discourage violations of rules essential to the efficient administration of justice would be diminished.

"Presumably for this reason, the rules of court provide that, on its own motion (or that of a party), a Court of Appeal may impose sanctions on a party or an attorney not only for '(1) Taking a frivolous appeal or appealing solely to cause delay;  [¶]  (2) Including in the record any matter not reasonably material to the appeal's determination; [or]  [¶]  (3) Filing a frivolous motion;' but also for '(4) *Committing any other unreasonable violation of these rules*.'  [Citations.]" (*Huschke v. Slater* (2008) 168 Cal.App.4th 1153, 1160-1162, italics in original, fn. omitted; see also rule 8.276(a)(1)-(4).)

We agree with the analysis in *Huschke v. Slater*, *supra*, 168 Cal.App.4th 1153, and conclude that the Law Firm's failure to comply with rule 8.244(a)(1), is arguably inexcusable and "unreasonable" under rule 8.276(a)(4).  By the time of the mailing of the tentative opinion, considerable time and resources had been devoted to this pointless appeal.  Thus, it is appropriate to sanction the Law Firm in an amount that reflects the current cost to the court of processing this appeal through the mailing of the tentative opinion.  A 2008 case cites a cost analysis by the clerk's office for the Second Appellate District that estimated the cost of processing an appeal that results in an opinion by the court to be approximately $8,500.  (*In re Marriage of Gong & Kwong* (2008) 163 Cal.App.4th 510, 520.) Recognizing the legal issues involved in this appeal are not complex, and the matter did not proceed to oral argument, we would approximate a sanction of $5,500 to be appropriate to reimburse the state for the costs of this appeal.

Notwithstanding the above, it is in our discretion to sanction the Law Firm for its failure to comply with rule 8.244(a)(1), to dismiss the appeal under rule 8.244(c)(2), or to do both. While we are tempted to do both, we will only grant the request and dismiss the appeal. However, let this opinion be a warning to the appellants that any future failure to comply with rule 8.244(a)(1) will be considered inexcusable and "unreasonable" under rule 8.276(a)(4), subject to sanctions.

## III.  DISPOSITION

The appeal is dismissed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS


HOLLENHORST
Acting P. J.

We concur:

RICHLI
J.

MILLER
J.