[No. A117114. First Dist., Div. Two. Dec. 2, 2008.]

MARK HUSCHKE, Plaintiff and Respondent, v.
PAULA SLATER, Defendant and Appellant.

**COUNSEL**

Dimitriou & Associates and Andrew Nicholas Dimitriou for Defendant and Appellant.

Law Offices of Peter B. Brekhus, Peter B. Brekhus and Elizabeth Brekhus for Plaintiff and Respondent.

**OPINION**

**THE COURT.**[*]—Appellant has moved to dismiss this appeal on the ground that the dispute between the parties was resolved by a settlement agreement. We shall grant the unopposed request.

The remaining issue is whether counsel's lengthy delay in notifying the court of the settlement, in violation of rule 8.244 of the California Rules of Court, warrants imposition of monetary sanctions. The rules of court authorize the imposition of sanctions on a party or an attorney not only for the filing of a frivolous appeal or motion or for including in the record matters

---

[*] Kline, P. J., Haerle, J., and Lambden, J.

not reasonably material to the appeal, but also for "[c]ommitting any other unreasonable violation of these rules." (Cal. Rules of Court, rule 8.276(a)(1)–(4).) We shall impose monetary sanctions payable to the court on appellant's counsel because, as we explain, his violation of rule 8.244 is not just unsatisfactorily explained and unreasonable but also injurious to the court, other appellate parties, and the taxpayers.

## I.

This appeal is from a December 14, 2006 order of the Lake County Superior Court directing appellant to pay a discovery sanction of $6,382. Appellant's counsel, Andrew Dimitriou, filed appellant's opening brief and two volumes of appendices on July 27, 2007. Respondent's counsel, Elizabeth Brekhus, thereafter informed Deputy Clerk Stacy Wheeler that respondent did not wish to file a responsive brief and understood that, pursuant to rule 8.220 of the California Rules of Court, the court would decide the appeal on the record, the opening brief, and any oral argument appellant might wish to present.

On October 1, 2007, the standard oral argument waiver notice was issued to counsel for the parties, the first paragraph of which states as follows: "This case is now fully briefed and has been tentatively assigned to the judicial panel indicated below. **Counsel are directed to advise the Court immediately if settlement discussions are underway or are being considered or if there is any other basis for an early dismissal of the appeal.**" (Original boldface.) That notice further states that if either party feels oral argument is necessary, a written request with proof of service must be filed with the court within 10 days from the date of the notice.

On October 10, 2007, Dimitriou filed appellant's request for oral argument. On August 25, 2008, the court sent counsel for the parties an order setting the appeal for oral argument on September 16, 2008, at 1:30 p.m.

The day before that set for oral argument an associate of Dimitriou faxed the presiding justice of this division a letter notifying him that the underlying case "was settled in December 2007 and dismissed [in the trial court] in January 2008," and requesting that the appeal be taken off calendar. That same day we issued an order granting the request to take the matter off the calendar and directing counsel for the parties to file a joint declaration, under penalty of perjury, explaining: "(1) why counsel did not inform this court that settlement discussions were underway pursuant to this court's notice to the

parties dated October 1, 2007; (2) why a request for dismissal was not filed with this court once settlement had culminated; and (3) why this court should not impose sanctions on counsel for their failure to timely inform this court of the above actions."

## II.

In response to the foregoing order counsel filed a two-page joint declaration stating in material part that on October 1, 2007, the date of our standard oral argument waiver notice, "settlement discussions were not underway or being considered," and the case did not settle until November 20, 2007. According to the declaration, a letter was sent by an unidentified person on an unspecified date to Deputy Clerk Wheeler "informing her of the settlement and that in light of the settlement the appeal would be mooted." Because the joint declaration was not, as directed, made under penalty of perjury, we issued an order directing the parties to file a new joint declaration complying with that directive no later than October 9, 2008. The parties have never complied with that order.

On October 15, 2008, respondent's counsel Elizabeth Brekhus and cocounsel Peter Brekhus, on behalf only of themselves, filed a letter and accompanying declaration under penalty of perjury explaining that their client had instructed them not to file a response to the appeal or incur any more money in connection with his motion in the trial court to compel discovery because the discovery sanctions ordered by the trial court did not come close to covering the costs he incurred as a result of the litigation. The client's instructions were the same with respect to settlement; i.e., Ms. Brekhus was directed to "keep costs down and make [appellant] incur the expenses of drafting the agreement and effecting the settlement and dismissal." Ms. Brekhus specifically recalled "that she insisted and [Dimitriou] agreed to take the necessary steps to dismiss the appeal." Accordingly, the draft joint declaration prepared by respondent's counsel, stated that Dimitriou "advised respondent[] that 'whatever the procedure is, are or were,' appellant[] would follow them and the exact words were 'proper procedures would be followed' to advise the Appellate Court to take the appeal off calendar." Dimitriou's law firm asked that this sentence be deleted "as we do not have a recollection of this statement." Dimitriou also asked for the addition of a statement that appellant's counsel had "telephoned the appellate court and informed the clerk . . . that we were going to dismiss the action because the case had settled." Peter Brekhus revised the proposed joint declaration by deleting the sentence Dimitriou objected to and adding instead the statement that

"[a]ppellant's counsel advised respondent[] that it [*sic*] would take appropriate steps to take the appeal off calendar." The revision also added the statements that "[o]n November 26, 2007, appellant's counsel telephoned and informed clerk Stacy Wheeler that the case was going to be dismissed because the case had settled. The clerk requested that counsel write a letter to this effect, and a letter addressed to the attention of Ms. Wheeler informing her of the settlement and that in light of the settlement the appeal would be mooted was sent." However, the letter transmitting the revised joint declaration to Dimitriou asked him, "Are you <u>sure</u> that the Court was advised by letter in November of the settlement? We did not receive such a letter. Maybe a copy of it should be attached." Dimitriou responded in writing, stating, "We are sure that the Court was advised by letter." Dimitriou did not, however, provide a copy of the alleged letter.

On October 31, 2008, Dimitriou filed a letter and declaration in response to our September 15, 2008 order inquiring why sanctions should not be imposed on counsel for their failure to timely inform the court of the settlement and why a request to dismiss the appeal had not then (or ever) been filed. Dimitriou states in his declaration that he received notice of oral argument "right before he left for vacation" and requested that his associate contact the court and "remind the court the case had settled." Dimitriou's declaration also states he "does not recall ever stating to Ms. Brekhus that he would take care of dismissing the appeal."

Dimitriou's declaration also asserts that on November 26, 2007, he or an associate telephoned Deputy Clerk Wheeler "to advise of the settlement discussions and settlement [of the underlying action] placed on the record in the Trial Court" and (after the clerk refused to accept an oral advisement and requested written notice) sent the court a letter that same day advising that the underlying case had settled. The letter, which is attached to the declaration as exhibit A, is a "file copy" of an unsigned letter (without a letterhead) from Dimitriou to the clerk of this court, dated November 26, 2007, advising the court "that the underlying case has settled which for all intensive [*sic*] purposes moots the issues on appeal. The parties are in the process of distributing a written settlement agreement. With the Court's indulgence, once the settlement agreement is fully and properly executed, [appellant] will dismiss her appeal. We anticipate this occurring within the next week."

A request to dismiss the appeal was not filed by Dimitriou on behalf of appellant "within the next week," but nearly a year later on October 31, 2008, simultaneously with Dimitriou's response to our September 15, 2008 order

relating to sanctions. Moreover, there is reason to question the veracity of Dimitriou's representation regarding the November 26, 2007 letter. This court has no record of receiving the letter, nor does Elizabeth Brekhus, though the unsigned "file copy" submitted by Dimitriou indicates a copy was sent her. Dimitriou states in his declaration that he "has no information" why the court and Brekhus did not receive the 2007 letter informing the court that the case had settled, and offers no explanation whatsoever of why he is unable to produce a signed copy of the letter on his firm's letterhead.

## III.

Dimitriou claims sanctions are unwarranted because he did not commit a violation of rule 8.244 of the California Rules of Court, let alone an "unreasonable" violation of that provision.

As material, rule 8.244 provides that "[i]f a civil case settles after a notice of appeal has been filed . . . , the appellant who has settled must immediately serve and file a notice of settlement in the Court of Appeal." Further, "[w]ithin 45 days after filing a notice of settlement—unless the court has ordered a longer time period on a showing of good cause—the appellant who filed the notice of settlement must file either an abandonment . . . or a request to dismiss . . . ." (Cal. Rules of Court, rule 8.244(a)(1), (3).)

Dimitriou's chief argument is that his or his associate's phone call to Deputy Clerk Wheeler on November 26, 2007, and the letter that same day, informed the court of the settlement of the underlying case merely six days after the settlement (on Nov. 20, 2007), which was "only two court days" after the settlement of the underlying dispute was placed on the trial court record. (It is unclear whether that settlement pertained to the discovery sanctions imposed by the trial court, which is the subject of this appeal.) Further, he says, he "did not find any Judicial Counsel [*sic*] Form for 'Notice of Settlement' and he therefore presumed that the correspondence was sufficient to comply with the Rules of Court" and that "the Court would not spend any additional resources regarding the matter." Dimitriou makes no mention of his failure to file a request to dismiss within 45 days of the letter he allegedly sent on November 26, 2007, and simply points out that respondent and his counsel never "in writing" imposed on appellant or him the responsibility to do so.

We find these arguments unpersuasive, even indulging the dubitable assumption that the letter of November 26, 2007, Dimitriou relies upon is a genuine "file copy" and the original was actually sent by him to the court and opposing counsel.

■ First of all, Dimitriou cannot shift to respondent's counsel the responsibility to file the notice of settlement required by California Rules of Court, rule 8.244, or the request to dismiss. Rule 8.244 makes clear that the responsibility to file a notice of settlement and thereafter a request (or stipulation) to dismiss rests with *appellant*, not respondent. Furthermore, the unsigned letter Dimitriou relies upon accepts appellant's responsibility to provide notice of settlement and represents that she "will dismiss her appeal" after "the settlement agreement is fully and properly executed," which the letter indicated was likely to occur within a week. Since the letter indicated that the settlement agreement had not yet been finalized, it did not genuinely constitute a "notice of settlement" within the meaning of rule 8.244 but, at best, a notice of impending settlement. Finally, as previously pointed out, Dimitriou's request to dismiss was not filed "within [a] week" of the November 26, 2007 letter, as he represented, or a week after final execution of the settlement, or even within the 45-day period specified by rule 8.244(a)(3); indeed, had we not first initiated sanction proceedings it is not at all clear appellant's counsel would *ever* have requested dismissal of this long meaningless appeal—despite the settled principle that "[a]n appellant may not dismiss his appeal as a matter of right . . . ." (*DeGarmo v. Goldman* (1942) 19 Cal.2d 755, 768 [123 P.2d 1].)

In any case, as indicated, it was not until more than *10 months* after the putative "notice of settlement" (on the day before that set for oral argument) that appellant's counsel first informed the court that the case had finally settled; though counsel neglected to reveal when the case had settled and to explain the extraordinary delay in notifying the court. By the time this court was first made aware that settlement was imminent, it had devoted considerable time and resources to this pointless appeal. Dimitriou's explanation of why sanctions should not be imposed for his failure to comply with California Rules of Court, rule 8.244—which is, at best, disingenuous—provides no justification. The violation must be deemed "unreasonable" and therefore sanctionable under rule 8.276(a)(4).

## IV.

■ Since 1851, California appellate courts have been statutorily authorized to impose sanctions for the prosecution of frivolous civil appeals. (See Stats. 1850–1853, ch. 123, § 133, p. 542.) Thus, under the present statute, section 907 of the Code of Civil Procedure (section 907), if a reviewing court has found an appeal "was frivolous or taken solely for delay, it may add to the costs on appeal such damages as may be just." Though the instant appeal is not frivolous within the meaning of *In re Marriage of Flaherty* (1982) 31 Cal.3d 637, 649 [183 Cal.Rptr. 508, 646 P.2d 179], and not taken for the purpose of delay, and section 907 is therefore inapplicable, the reasoning of

courts that have imposed sanctions under section 907 is nevertheless pertinent to Dimitriou's conduct. Because the traditional purpose of imposing sanctions under section 907 was to compensate the respondent for being put to the expense of defending a frivolous appeal or one taken solely for the purpose of delay, costs were ordinarily made payable to the respondent to compensate him or her for the costs necessarily incurred in answering the frivolous appeal. Increasingly, however, sanctions for the filing of frivolous appeals have also been made payable to the court. As another division of this court pointed out in the much-cited opinion in *Finnie v. Town of Tiburon* (1988) 199 Cal.App.3d 1 [244 Cal.Rptr. 581], respondents "are not the only parties damaged when an appellant pursues a frivolous claim. Other appellate parties, many of whom wait years for a resolution of bona fide disputes, are prejudiced by the useless diversion of this court's attention. [Citation.] In the same vein, the appellate system and the taxpayers of this state are damaged by what amounts to a waste of this court's time and resources. [Citations.] Accordingly, an appropriate measure of sanctions should also compensate the government for its expense in processing, reviewing and deciding a frivolous appeal. [Citations.]" (*Id.* at p. 17; accord, *In re Marriage of Gong & Kwong* (2008) 163 Cal.App.4th 510, 520 [77 Cal.Rptr.3d 540]; *Pollock v. University of Southern California* (2003) 112 Cal.App.4th 1416, 1433 [6 Cal.Rptr.3d 122]; *Pierotti v. Torian* (2000) 81 Cal.App.4th 17, 35 [96 Cal.Rptr.2d 553].)

This reasoning is as applicable to the instant appeal as it is to those that are frivolous. Indeed, where, as here, the rule violation did not injure respondent,[1] making sanctions payable to the court may be particularly appropriate because the misconduct would not otherwise be punishable, and judicial ability to discourage violations of rules essential to the efficient administration of justice would be diminished.

Presumably for this reason, the rules of court provide that, on its own motion (or that of a party), a Court of Appeal may impose sanctions on a party or an attorney not only for "(1) Taking a frivolous appeal or appealing solely to cause delay; [¶] (2) Including in the record any matter not reasonably material to the appeal's determination; [or] [¶] (3) Filing a

---

[1] The only damage to respondent resulting from this appeal that we are aware of is that his attorneys were obliged to respond to our order of September 15, 2008, directing the filing of a joint declaration explaining why California Rules of Court, rule 8.244, was not complied with and why sanctions for violation of that rule should not be imposed. We decline to order Dimitriou to compensate them for costs incurred by them in filing their declaration because, though primary responsibility to comply with rule 8.244 did not rest with them, they had a responsibility to their client to insure that Dimitriou complied and they failed to do so. Accordingly, Elizabeth Brekhus and Peter Brekhus shall not require appellant to bear the costs they incurred in responding to our order, but shall themselves bear those costs.

frivolous motion," but also for "(4) *Committing any other unreasonable violation of these rules.*" (Cal. Rules of Court, rule 8.276(a)(1)–(4), italics added.)

█ Although California Rules of Court, rule 8.276 does not explicitly provide that such sanctions may be made payable to the court, there is no doubt that they may be. Section 907 is also silent as to whether sanctions may be made payable to the court but—at least since *Finnie v. Town of Tiburon, supra,* 199 Cal.App.3d 1 was decided two decades ago—California courts have had no difficulty concluding that section 907 authorizes sanctions payable to the court, not only with respect to frivolous appeals (such as *Finnie v. Town of Tiburon, supra,* 199 Cal.App.3d 1; *In re Marriage of Gong & Kwong, supra,* 163 Cal.App.4th 510; *Pollock v. University of Southern California, supra,* 112 Cal.App.4th 1416; *Pierotti v. Torian, supra,* 81 Cal.App.4th 17), but also with respect to frivolous writs (*In re White* (2004) 121 Cal.App.4th 1453, 1479–1480 [18 Cal.Rptr.3d 444]). It would be anomalous to think that the principle that a party may be sanctioned for conduct that unnecessarily burdens a court and the taxpayers and prejudices parties to other appeals should apply to frivolous appeals and writs but not to any other conduct that has precisely the same adverse effects on the same institutions and persons. Counsel's failure to timely inform the court that a settlement had been finally reached and then promptly move to dismiss his client's appeal, as required by the rules of court, has caused a waste of judicial resources that cannot be countenanced by judicial officers responsible for the efficient administration of the appellate process. Our responsibility is to discourage such conduct, and the imposition of monetary sanctions is an effective way to do so. To be sure, not every violation of a procedural rule is properly sanctionable, as some may be the result of excusable inadvertence or exigent circumstances and/or relatively inconsequential. Andrew Dimitriou's rule violation was not inconsequential, however, and he has neither forthrightly acknowledged any inadvertence and reasonably explained it nor claimed any exigency.

█ Having concluded that Dimitriou's failure to comply with California Rules of Court, rule 8.244, is inexcusable and "unreasonable" within the meaning of rule 8.276(a)(4) and injurious, and he may therefore be subjected to monetary sanctions payable to the court, the only remaining issue is the measure of such sanctions.

## V.

█ *Finnie v. Town of Tiburon, supra,* 199 Cal.App.3d 1, found that the costs compensable to the courts, and through them the taxpayers, for the

expense of processing, reviewing, and deciding a frivolous appeal consisted of "the salaries paid to clerks, judicial attorneys, secretaries, and justices for their time expended, but does not include overhead such as rent, materials, etc." (*Id.* at p. 17.) The court found that the cost calculation must be made on an objective basis; that is, the current cost of processing "an average civil appeal." (*Ibid.*) We recognize that in egregious situations the amount of monetary sanctions imposed may be influenced by considerations that are inherently subjective (see, e.g., *In re White, supra,* 121 Cal.App.4th at pp. 1488–1489) but feel that, at least in ordinary appeals such as this one, use of an objective standard will yield more uniform and predictable results.

In 1988, when *Finnie* was decided, the cost (at least in this district) of processing an ordinary civil appeal was determined to be approximately $2,324. (*Finnie v. Town of Tiburon, supra,* 199 Cal.App.3d at p. 17.) Since then a number of appellate courts in other appellate districts have used $5,900–$6,000 based on a calculation made in 1992 (see *Cohen v. General Motors Corp.* (1992) 2 Cal.App.4th 893, 897 [3 Cal.Rptr.2d 619]) as a conservative estimate for processing the average civil appeal. (See, e.g., *Pollock v. University of Southern California, supra,* 112 Cal.App.4th at p. 1434; *Pierotti v. Torian, supra,* 81 Cal.App.4th at p. 36.) A cost analysis undertaken by the clerk's office for the Second Appellate District (which apparently employed the methodology described in *Young v. Rosenthal* (1989) 212 Cal.App.3d 96, 136, fn. 40 [260 Cal.Rptr. 369]) concluded "the cost of processing an appeal that results in an opinion by the court to be approximately $8,500, while the cost for processing a case that is resolved without opinion (for example, by dismissal for lack of an appealable order) to be approximately $1,750." (*In re Marriage of Gong & Kwong, supra,* 163 Cal.App.4th at p. 520.)

This appeal will not result in an opinion on the merits; however, on the day prior to that set for oral argument, when appellant first advised the court that the matter had finally settled and asked that it be taken off calendar, we had already completed our review of the record and research of the legal issues presented and drafted a tentative opinion addressing the merits of the appeal. Considering that our processing and review of this appeal had then been nearly completed, we order attorney Andrew Dimitriou to personally pay sanctions in the amount of $6,000 to compensate the court for costs it incurred as a result of his failure to comply with rule 8.244 of the California Rules of Court. This payment must be made in full to the Court of Appeal (in care of Clerk/Administrator) immediately upon the issuance of the remittitur, unless, before such time, Dimitriou and the clerk/administrator agree in writing to a specific plan for the payment of this sanction in installments.

## VI.

This opinion constitutes a written statement of our reasons for imposing sanctions. (*Bach v. County of Butte* (1989) 215 Cal.App.3d 294, 313 [263 Cal.Rptr. 565].) Pursuant to section 6086.7, subdivision (a)(3), of the Business and Professions Code, upon the issuance of the remittitur, the clerk/administrator is directed to send a copy of this opinion to the State Bar of California.

Appellant's belated request to dismiss this appeal is hereby granted. The parties shall bear their own costs.