FILED

NOT FOR PUBLICATION

FEB 26 2013

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MEREDITH OLIVER, an individual, | No. 11-55912 |
| Plaintiff - Appellant, | D.C. No. 2:10-cv-03073-RGK-AJW |
| v. | |
| ASTRAZENECA PHARMACEUTICALS, LP, a Delaware Limited Partnership; ASTRAZENECA LP, a Delaware Limited Partnership, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Argued and Submitted February 15, 2013
Pasadena, California

Before:   **KOZINSKI**, Chief Judge, **KLEINFELD** and **SILVERMAN**, Circuit
Judges.

**1.**  The district court properly granted summary judgment on Oliver's claims

under the Americans with Disabilities Act (ADA), the Family and Medical Leave

_____

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Act (FMLA), the California Fair Employment and Housing Act (FEHA) and the California Family Rights Act (CFRA). Even drawing "all justifiable inferences" in Oliver's favor, see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986), she didn't show that AstraZeneca was on notice that she was disabled, or even seriously ill, before it made the decision to fire her.

**2.** Oliver's claim that her firing contravened public policy also fails. AstraZeneca didn't violate the ADA, FMLA, FEHA or CFRA. And even if Oliver was fired due to her investigation into Sophia Soler's activities, Oliver doesn't explain how her firing was contrary to a policy that is "fundamental," "beneficial" for the public" and "embodied in a statute or constitutional provision." See Turner v. Anheuser-Busch, Inc., 876 P.2d 1022, 1032–33 (Cal. 1994).

**3.** Oliver's intentional infliction of emotional distress claim is preempted by the Workers' Compensation Act because it is predicated on alleged misconduct that occurred within the normal scope of her employment relationship. See Cole v. Fair Oaks Fire Prot. Dist., 729 P.2d 743, 750 (Cal. 1987).

**4.** AstraZeneca didn't breach its agreement to provide Oliver with paid disability leave. Starting the first business day after she requested leave and ending

on her last day on the job about two weeks later, Oliver received full pay and didn't have to work. Moreover, Oliver's written offer of employment stated that "[s]alaried employees are paid regular salary for up to six months of absence" due to a disability. Disability pay was thus limited to periods where Oliver would be paid "regular salary," i.e., so long as she was employed. As of the date of her termination, Oliver was no longer entitled to her salary and so her disability pay stopped as well. This comports with AstraZeneca's short-term disability leave policy, which permits it to "suspend or deny [short-term disability leave] benefits at any time" if an employee "terminates employment with AstraZeneca for any reason."

5. AstraZeneca doesn't owe Oliver any bonus money—Oliver's own brief concedes that the parties settled this claim in 2011. Nor is AstraZeneca liable for "waiting time penalties" for failing to pay sooner, as there was a "good faith dispute" about whether Oliver was eligible for her bonus at all. See Amaral v. Cintas Corp. No. 2, 163 Cal. App. 4th 1157, 1201–02 (2008) (internal quotation marks omitted).

**6.** Because all of Oliver's claims regarding AstraZeneca's allegedly unlawful behavior fail, she hasn't established that AstraZeneca committed an "unlawful . . . business act or practice." <u>See</u> Cal. Bus. & Prof. Code § 17200.

**7.** Because Oliver hasn't established that she's entitled to any compensatory damages, AstraZeneca isn't liable for punitive damages. <u>See</u> <u>California</u> v. <u>Altus Finance S.A.</u>, 540 F.3d 992, 1000–01 (9th Cir. 2008).

**8.** The district court gave Oliver an adequate opportunity to respond to AstraZeneca's summary judgment motion and didn't violate any Local Rules in doing so.

**AFFIRMED.**