Filed 6/13/14  Hester v. Vista Pacifica Enterprises, Inc. CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| MARGARET HESTER et al., | |
| Plaintiffs and Respondents, | E056949 |
| v. | (Super.Ct.No. RIC1202464) |
| VISTA PACIFICA ENTERPRISES, INC., | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Paulette Durand-Barkley, Temporary Judge.  Dismissed.

Sanders, Collins & Rehaste and Thomas A. Collins for Defendant and Appellant.

Lanzone Morgan and Richard F. Ingle for Plaintiffs and Respondents.

Defendant and appellant Vista Pacifica Enterprises, Inc., dba Vista Pacifica Convalescent Hospital (Vista Pacifica) appeals from the denial of its motion to compel arbitration.  Plaintiffs and respondents include decedent Rosa T. Weatherley, through her successor in interest, as well as certain individual members of her family.  The complaint

1

asserts causes of action for elder abuse, violating the Patient's Bill of Rights, and wrongful death.

Vista Pacifica contends that the trial court abused its discretion by denying arbitration based on Code of Civil Procedure section 1281.2, subd. (c) (herein section 1281.2(c)), which grants the trial court discretion to deny a motion to compel arbitration if there is pending litigation between a party to the arbitration agreement and a third party, and arbitration would create the possibility of conflicting rulings on an issue of law or fact. Vista Pacifica presents various arguments regarding why section 1281.2(c) does not apply, including 1) plaintiffs are not third parties, because they are equitably bound by the arbitration agreement, 2) there was not in fact a possibility of inconsistent rulings if some claims were arbitrated while others were not, and 3) section 1281.2(c) is preempted by federal law.

## I. FACTS AND PROCEDURAL BACKGROUND

When decedent Rosa T. Weatherley was admitted to Vista Pacifica's long-term care facility for the first time, in October 1998, she entered into two arbitration agreements with Vista Pacifica.[1] One of these agreements governs "Arbitration of Medical Malpractice Disputes." The second agreement governs "Arbitration of Other Disputes," including "any dispute arising between [the parties] from torts, contracts or otherwise, including any claims for punitive damages and any actions brought on behalf

---

[1] Whether Ms. Weatherley signed the documents herself or they were signed on her behalf is a matter of some dispute between the parties. It is not, however, a dispute that we need to resolve.

2

of the Resident by third-parties, but excepting claims pertaining to the amount of the Facilities charges . . . ." Both agreements also acknowledge that "the right provided for in Health and Safety Code Section 1430 to bring a civil action against a facility for a violation of the regulatory Resident's Bills of Rights . . . may not be waived." (Capitalization omitted.) Both agreements indicate they are to be governed by California law.

After her initial admission to Vista Pacifica's facility, Ms. Weatherley was absent from the facility for a brief period before being re-admitted on August 21, 2000.[2] For the most part, however, she was resident at the facility until shortly before her death on August 1, 2011.

On February 21, 2012, the complaint in this action was filed. The complaint alleges that during her residency at Vista Pacifica's facility, Ms. Weatherley was injured by repeated infections of various sorts. The complaint further alleges she was injured by falls on multiple occasions, including a fall that fractured her cervical spine and caused

---

[2] The exact dates of Ms. Weatherley's absence from the facility prior to her readmission do not appear in our record. This period of time was apparently not so much a discharge, but rather a short term stay elsewhere that for some reason extended longer than Vista Pacifica was required to hold her bed. Thus, a readmission agreement was required for Ms. Weatherley's return to the facility.

Plaintiffs disputed below whether the arbitration agreements signed in October 1998 remained effective following Ms. Weatherley's readmission. Although plaintiffs mention the dispute in passing in summarizing the factual background, they have not properly presented and argued the point on appeal, so it is forfeited, and we need not discuss it further. (See *Badie v. Bank of America* (1998) 67 Cal.App.4th 779, 784-785 [arguments not raised, or asserted but unsupported by reasoned argument and citations to authority, are waived].)

an acute hemorrhagic bleed in her brain, leading shortly thereafter to her death from "cardiopulmonary arrest, secondary to intracranial bleed and stroke."

Plaintiffs include Ms. Weatherley, by and through her successor in interest Margaret Hester; Margaret Hester, Kathy Carabes, and Billy Joe Weatherley in their individual capacities as children and surviving heirs of Ms. Weatherley; and Augustine Lujan, Reuben Lujan, Daniel Lujan, and Dina Lujan in their individual capacities as grandchildren and surviving heirs of Ms. Weatherley. Ms. Weatherley, through her successor in interest, asserts the first cause of action, for elder abuse and neglect, in violation of the Elder Abuse And Dependant Adult Civil Protection Act (Welfare and Institutions Code sections 15600 et seq.) (Elder Abuse Act), and the second cause of action, for violation of the Patient's Bill of Rights (Cal. Code Regs., tit. 22, § 72527), as authorized by Health and Safety Code section 1430. Ms. Weatherley's family members bringing suit in their individual capacities assert a third cause of action, for wrongful death.

Defendants include Vista Pacifica, as well as Rosa Palomino, who is described as a "nominal defendant." Ms. Palomino is another of Ms. Weatherley's children, and is the person who served as authorized representative for Ms. Weatherley with respect to her admittance and re-admittance to Vista Pacifica's facility.

4

## II.  REQUEST FOR DISMISSAL

After this case was fully briefed and a tentative opinion had been drafted and mailed to the parties, counsel for appellant advised the court that a settlement had been reached and provided a notice of settlement and a stipulation for dismissal of the appeal.

An appellant may not dismiss an appeal as a matter of right.  (*Huschke v. Slater* (2008) 168 Cal.App.4th 1153, 1160 [imposing $6,000 sanctions on attorney for unreasonable delay in notifying appellate court that parties had settled and dismissed the underlying case].)  Rather, pursuant to California Rules of Court, rule 8.244(c)(2), "On receipt of a request or stipulation to dismiss, the court *may* dismiss the appeal and direct immediate issuance of the remittitur."  (Italics added.)  Thus, dismissal is discretionary. Here, because the resolution of this case is fact specific, we grant the request.

## III.  DISPOSITION

The appeal is dismissed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS


                                                                HOLLENHORST

                                                                   Acting P. J.


We concur:

RICHLI
                   J.

MILLER
                   J.