Filed 2/18/21  Herrera v. Herrera CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| MARIA A. HERRERA, | |
| Plaintiff and Respondent, | E072206 |
| v. | (Super. Ct. No. CIVDS1410650) |
| DAMIAN HERRERA, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  B. Tam Nomoto Schumann, Judge.  Dismissed.

Law Offices of Jonathan T. Tasker and Jonathan T. Tasker, for Defendant and Appellant.

Law Office of Michael N. Berke and Michael N. Berke, for Plaintiff and Respondent.

1

I.

INTRODUCTION

Plaintiff and respondent, Maria A. Herrera sued her ex-husband, Victor Herrera, and his brother, defendant and appellant, Damian Herrera, alleging that they deprived her of a $574,000 bonus. After a bench trial, the trial court found that Damian[1] and Victor were liable for conversion and fraud, and entered a $574,000 judgment in Maria's favor.

Damian appealed, raising a host of arguments. After we issued a tentative opinion, but before we held oral argument, Damian moved to dismiss the appeal. We exercise our discretion to dismiss the appeal without reaching the merits.

II.

FACTUAL AND PROCEDURAL BACKGROUND

Maria worked for Professional Lawyers Group (PLG), a personal injury law firm. Victor was PLG's general manager. Maria referred Moises Aldana to PLG to represent him in a personal injury matter.

While Aldana's case was pending for about three years, Maria provided him 24/7 caregiving services with minimal help from Victor. Maria understood that PLG would give them a bonus for their services from the settlement funds.

---

[1] Because of their common last name, we refer to the parties by their first name for the sake of clarity. We mean no disrespect.

After Aldana's matter settled, Victor told PLG's general counsel, David Serrano, that Accu Home, Inc. (Accu), a pawn brokerage Damien owned, provided Aldana's caregiving services and was entitled to the $574,000 bonus. At Victor's request, Serrano directed PLG to send Victor a "1099" tax form so PLG could pay Accu the $574,000.

Damien prepared an invoice on behalf of Accu, which stated that Accu provided PLG $574,000 worth of unexplained "Client Services/Investigation." Shortly afterward, Victor directed PLG to pay Accu $574,000 via a check. PLG cut Accu a check for $574,000 for "Atty Services/Investigations."

A few days later, Damian deposited the check into an Accu bank account. Over the next nine months, Damian withdrew about $224,000 from the account in over two dozen separate transactions. He also gave Victor $315,700 in cash from the settlement funds.

Maria was unaware of the check from PLG until she found it while looking through Victor's papers in order to prepare their taxes. When Maria told Victor that they had to declare the money on their taxes, Victor said the money was "gone." Maria thus did not receive any of the bonus as she expected.

Maria sued Damian and Victor for, among other things, fraud and conversion. After a bench trial, the trial court made several findings, including: (1) Maria and PLG's counsel Serrano were "credible and persuasive"; (2) Victor requested that PLG pay the bonus via a check to Accu "with the willful purpose of hiding a Community Property asset"; (3) Damian withdrew $315,700 in cash from the Accu account and gave it to

3

Victor, and also withdrew about $224,000 in nearly 30 separate transactions; (4) Maria "was unaware of the $574,000 check [from PLG to Accu] and the activities of Victor and Damian" until she found a copy of the check in Victor's papers; and (5) when Maria asked Victor about the $574,000 check, he said "it was gone."

Based on these and other findings, the trial court found that Victor and Damian were liable for conversion and fraud. The court therefore found they were "jointly and severally liable for $574,000 plus interest," and entered judgment for Maria. The trial court later denied Damian's motion for a new trial. Damian, but not Victor, timely appealed.

## III.

## DISCUSSION

An appellant may not dismiss an appeal as a matter of right. (*Huschke v. Slater* (2008) 168 Cal.App.4th 1153, 1160 [imposing $6,000 sanctions on attorney for unreasonable delay in notifying appellate court that parties had settled and dismissed the underlying case].) Rather, pursuant to California Rules of Court, rule 8.244(c)(2), "[o]n receipt of a request or stipulation to dismiss, the court *may* dismiss the appeal and direct immediate issuance of the remittitur." (Italics added.) We exercise our discretion and grant Damian's request to dismiss the appeal.

4

IV.

DISPOSITION

The appeal is dismissed.  Each party shall bear their own costs on appeal.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON

J.

We concur:


MILLER

Acting P. J.


FIELDS

J.