Filed 4/21/21  Allee v. Super Ct. CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| RAGENA ALLEE, | |
| Plaintiff and Appellant, | E073590 |
| v. | (Super. Ct. No. RICCIVDS1720556) |
| THE SUPERIOR COURT OF SAN BERNARDINO COUNTY, | OPINION |
| Defendant and Respondent. | |

APPEAL from the Superior Court of Riverside County.  Chad W. Firetag, Judge.

Dismissed.

Peter Law Group, Arnold Peter and Eyal Farahan, for Plaintiff and Appellant.

Paul, Plevin, Sullivan & Connaughton, Fred M. Plevin, Corrie J. Klekowski and

Karyn R. Moore, for Defendant and Respondent.

1

I.

INTRODUCTION

Ragena Allee's former employer, the Superior Court of San Bernardino County (SCSB), informed her that it intended to terminate her for allegedly violating SCSB's policies and the Fair Employment and Housing Act (Gov. Code, §§ 12950 et seq.; FEHA). Within hours of receiving notice of SCSB's intent to terminate her, Allee resigned. SCSB accepted her resignation later that day and terminated her employment the next day.

Allee later sued SCSB for declaratory relief, alleging that her resignation should be rescinded based on the parties' mistakes. In her deposition, Allee unequivocally testified that she resigned only because she mistakenly thought she would lose her retirement benefits if she unsuccessfully challenged SCSB's decision to terminate her. But in her declaration in support of her opposition to SCSB's motion for summary judgment, Allee stated that she resigned not only because she might lose her retirement benefits if she did not resign, but also because she and SCSB mistakenly thought her conduct violated SCSB's policies and FEHA.

Relying on *D'Amico v. Board of Medical Examiners* (1974) 11 Cal.3d 1 (*D'Amico*), which allows trial courts to disregard the declaration of a party opposing summary judgment if it clearly contradicts the party's prior unequivocal deposition testimony, the trial court disregarded Allee's statements in her declaration that she resigned because the parties mistakenly believed her conduct violated SCSB's policies

2

and FEHA. The court reasoned that those statements contradicted her deposition testimony that she resigned only because she feared losing her retirement benefits. Consistent with Allee's deposition testimony, the trial court found that she resigned only because she mistakenly thought she would lose her retirement if she did not resign, which SCSB did not know when it accepted Allee's resignation. The trial court therefore granted SCSB's motion for summary judgment because Allee's unilateral mistake did not justify rescinding her resignation.

Allee appealed. After we issued a tentative opinion, but before we held oral argument, the parties informed us that they had reached a settlement and stipulated to dismiss the appeal. We exercise our discretion to dismiss the appeal without reaching the merits.

## II.

## FACTUAL AND PROCEDURAL BACKGROUND

SCSB received seven anonymous letters from its employees accusing Allee of "'bullying behavior and creating a hostile work environment.'" SCSB hired an attorney to investigate the situation, who concluded that Allee "created an environment of fear, permeated with apprehension, by being disrespectful, belittling employees, controlling actions of the supervisors, and demonstrating pervasive abusive conduct." The investigator also found that Allee retaliated against an employee for participating in the investigation.

3

Because of the investigator's findings and conclusions, SCSB proposed terminating Allee. SCSB notified Allee of its proposal through a "Notice of Intent" letter (NOI), which outlined the investigator's findings and conclusions, and explained that SCSB intended to terminate Allee. The NOI informed Allee that she had ten business days to respond to the NOI. About three hours after receiving the NOI, Allee emailed SCSB, stating she was resigning. Later that day, SCSB responded to Allee's e-mail and explained that "We received your notice of resignation and will process with an effective date of tomorrow." Allee was terminated the next day.

Allee later sued SCSB. After SCSB's successful demurrers, Allee's operative Second Amended Complaint (SAC) asserted one claim for declaratory relief. In that claim, Allee alleged that both she and SCSB mistakenly believed her conduct violated SCSB's Anti-Harassment and Complaint Procedure (SCSB's anti-harassment policy) and FEHA. She also alleged that a non-practicing attorney friend erroneously told her, and thus she mistakenly believed, that she would lose her retirement benefits if she did not resign and unsuccessfully challenged SCSB's decision to terminate her. Allee therefore sought rescission of her resignation based on the parties' mistakes.

SCSB moved for summary judgment. SCSB argued that, despite the SAC's allegations, Allee testified in her deposition that she resigned only because she mistakenly thought her retirement benefits were at risk unless she resigned. SCSB argued it was therefore entitled to summary judgment because rescission of a contract cannot stem from a party's unilateral mistake, and it was undisputed that SCSB was

4

unaware of Allee's mistaken belief about her retirement benefits when it accepted her resignation and terminated her.

In support of her opposition to SCSB's motion for summary judgment, Allee submitted a declaration in which she stated that she decided to resign not only because she mistakenly feared she could lose her retirement benefits if she did not resign, but also because the parties both mistakenly thought her conduct violated SCSB's anti-harassment policy and FEHA. SCSB objected to this portion of Allee's declaration. SCSB argued the trial court should disregard Allee's declaration testimony that she resigned in part because of the parties' alleged mistaken belief that her conduct violated SCSB's anti-harassment policy and FEHA under *D'Amico* because it conflicted with her deposition testimony that she resigned only because of her concern about losing her retirement benefits.

The trial court agreed. The trial court found that SCSB asked Allee "in three different ways" in her deposition why she resigned, and her "responses were clear and unequivocal admissions" that she resigned only because she feared she might lose her retirement benefits unless she resigned. Relying on *D'Amico*, the trial court disregarded Allee's conflicting statements in her declaration that she also resigned because the parties mistakenly thought her conduct violated SCSB's anti-harassment policy and FEHA. The trial court thus granted summary judgment to SCSB because it was undisputed that SCSB did not know about Allee's concerns about her retirement benefits, and rescission requires mutual mistake. Allee timely appealed.

5

III.

REQUEST FOR DISMISSAL

An appellant may not dismiss an appeal as a matter of right. (*Huschke v. Slater* (2008) 168 Cal.App.4th 1153, 1160 [imposing $6,000 sanctions on attorney for unreasonable delay in notifying appellate court that parties had settled and dismissed the underlying case].) Rather, pursuant to California Rules of Court, rule 8.244(c)(2), "[o]n receipt of a request or stipulation to dismiss, the court *may* dismiss the appeal and direct immediate issuance of the remittitur." (Italics added.) Thus, dismissal is discretionary. Because the parties have settled and stipulated to dismiss the appeal, we grant their request to dismiss the appeal.

IV.

DISPOSITION

The appeal is dismissed. Each side shall bear their own costs on appeal.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON
J.

We concur:

RAMIREZ
P. J.

McKINSTER
J.