Filed 8/24/22  Dollar Tree Stores v. Superior Court CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| DOLLAR TREE STORES, INC., | |
| Petitioner, | E077777 |
| v. | (Super. Ct. No. CIVDS1833926) |
| THE SUPERIOR COURT OF SAN BERNARDINO COUNTY, | OPINION |
| Respondent; | |
| JENNIFER GOMEZ et al., | |
| Real Parties in Interest. | |

APPEAL from the Superior Court of San Bernardino County.  David S. Cohn, Judge.  Dismissed.

Paul Hastings, Elena R. Baca, George W. Abele, Jennifer L. Milazzo and Ryan D. Derry, for Petitioner.

Lavi & Ebrahimian, Joseph Lavi, Jordan D. Bello; Capstone Law, Mark A. Ozzello, Brandon Brouillette and Joseph Hakakian, for Real Parties in Interest.

1

I.

INTRODUCTION

Real parties in interest and plaintiffs Jennifer Gomez and Nicole Johnson (Plaintiffs) filed this representative action against their former employer, Dollar Tree Stores, Inc. (Dollar Tree), to recover civil penalties under the Labor Code Private Attorneys General Act of 2004 (PAGA).[1] Plaintiffs' action seeks recovery for Dollar Tree not providing its clerks and cashiers with suitable seating at its store checkstands, in violation of Labor Code section 1198 and section 14 of Industrial Welfare Commission Wage Order 7-2001, section 14 (suitable seating claim).

Dollar Tree filed a motion for summary adjudication (MSA) of Plaintiffs' PAGA suitable seating claim on the ground it was barred under the doctrine of claim preclusion based on an order approving a settlement agreement (Settlement Agreement) and judgment of dismissal in the prior action of *De La Cruz v. Dollar Tree Stores, Inc.*[2] (*DLC*). The trial court denied Dollar Tree's MSA, finding the suitable seating claim was not barred. Dollar Tree filed a petition for writ of mandate seeking to set aside the trial court's ruling denying its MSA. This court directed Plaintiffs to show cause why the writ should not be issued.

---

[1] Labor Code section 2698 et seq. Unless otherwise noted, all statutory references are to the Labor Code.

[2] *De La Cruz v. Dollar Tree Stores, Inc.*, No. BC680173 (Cal. Super. Ct. Los Angeles Cnty., filed Oct. 18, 2017).

Dollar Tree contends the trial court erred in denying its MSA. Dollar Tree alternatively contends the San Bernardino County Superior Court should have stayed the action pending determination by the Los Angeles Superior Court of the scope of the *DLC* Settlement Agreement.

The parties recently settled this entire matter. Dollar Tree therefore requests this court to dismiss its writ petition. Dollar Tree's request for dismissal is granted and Dollar Tree's writ petition is ordered dismissed. Our stay order on March 9, 2022, is dissolved.

II.

FACTS AND PROCEDURAL BACKGROUND

A. *DLC's PAGA Lawsuit Against Dollar Tree*

On October 18, 2017, former Dollar Tree employee, Eric De La Cruz (DLC), filed in Los Angeles Superior Court a representative PAGA complaint against Dollar Tree, on behalf of himself and other current and former Dollar Tree employees, seeking recovery of civil penalties (*De La Cruz v. Dollar Tree Stores, Inc.*, No. BC680173 (Cal. Super. Ct. Los Angeles Cnty., filed Oct. 18, 2017). DLC's complaint contained a single cause of action alleging that he worked for Dollar Tree during the past year at a Dollar Tree store as a checker or cashier. Dollar Tree's stores allegedly had the same standard layout and policies and procedures for checkers and cashiers. DLC alleged that the checkers and cashiers worked at checkstands in cubicles with cash registers. Dollar Tree allegedly "failed to provide [DLC] and other checkers and cashiers with seats as required Wage Order 7-2001, section 14, in violation of section 1198. A section 1198 violation

3

authorized DLC, as a representative of the State and other aggrieved employees, to bring an action against Dollar Tree under PAGA to recover civil penalties.[3]

DLC further alleged in his complaint that within the past year, he had worked as a checker or cashier at a Dollar Tree store in which the cubicle area was sufficiently spacious to provide adequate room to provide a seat for a checker or cashier. The checkers and cashiers' duties required them to work in place for an entire work shift. DLC alleged that under such circumstances, Dollar Tree was required by law to provide its cashiers and clerks with seating, and Dollar Tree's failure to do so was a violation of Wage Order 7-2001, section 14. DLC asserted that therefore, as an aggrieved employee, he was entitled to civil penalties under section 2269, subdivision (f) of the PAGA, plus reasonable attorneys' fees and costs.

Before filing his PAGA action, DLC provided notices to the Labor and Workforce Development Agency (LWDA) and to Dollar Tree, alleging Labor Code violations, including violating section 1198 for failing to provide suitable seating to employees who performed cashier duties.

---

[3] Section 1198 provides in relevant part that "The . . . standard conditions of labor fixed by the commission shall be . . . the standard conditions of labor for employees. The employment of any employee . . . under conditions of labor prohibited by the order is unlawful."

Dollar Tree and DLC Settled the case. The Settlement Agreement stated that it was "made by and between [DLC] ('Plaintiff'), on behalf of himself and the State of California," and Dollar Tree, "collectively, the 'Parties')." The Settlement Agreement further stated that Plaintiff gave notice to the LWDA of his allegation that Dollar Tree violated section 1198 and Wage Order 7-2001, section 14 "by failing to provide suitable seats at its checkstands in California Dollar Tree stores." The Settlement Agreement terms and conditions included the following: The total settlement amount was $215,000, which covered the LWDA payment, the Plaintiff's payment, and the Plaintiff's attorney fees and costs. The Settlement Agreement also stated that Plaintiff's counsel would request the trial court to award a maximum of $150,000 for attorney fees and costs; 25 percent of the net settlement amount would be paid to Plaintiff and 75 percent of the net settlement would be paid to LWDA. In addition, the Settlement Agreement stated Dollar Tree would include in its California employee handbook "a reference about employee usage of the front bench in California Dollar Tree stores" during work breaks.

The Settlement Agreement stated in the section entitled, "Releases of Claims," that, "In consideration for the Total Settlement Amount paid by Dollar Tree and the Plaintiff's Payment, as of the date of Settlement becomes Final, Plaintiff, on behalf of himself and the State of California, releases any and all known and unknown claims against Dollar Tree . . . based on the allegation that Dollar Tree failed to provide suitable seating at checkstands in California Dollar Tree stores in violation of California Labor Code section 1198 and section 14 of Wage order 7-2001." The Settlement Agreement

5

also included a waiver of section 1542, stating that, "In granting the releases of claims set forth above, Plaintiff, Plaintiff's Counsel and Dollar Tree hereby expressly waive the protection of California Civil Code section 1542 . . . ."

On December 11, 2018, the trial court entered an order and judgment granting approval of the Settlement Agreement. The court found the Settlement Agreement "complied with the statutory requirements of PAGA" and "is, in all respects, fair, reasonable, and adequate." The court ordered that, in accordance with the terms of the Settlement Agreement, the action was dismissed with prejudice. The trial court stated in its order that it retained "exclusive and continuing jurisdiction over this Action for purposes of . . . interpreting, and enforcing this Order and Judgment, as well as the Settlement Agreement." On January 11, 2019, the trial court entered a judgment dismissing DLC's entire action with prejudice.

B. *Plaintiffs' PAGA Lawsuit against Dollar Tree*

Dollar Tree hired Jennifer Gomez in 2011. Gomez resigned in January 2018. Nichole Johnson worked for Dollar Tree from 2014 to June 2018. Jennifer Gomez and Nichole Johnson's duties included ringing up purchases at Dollar Tree store cash registers.

In October 2018, Plaintiffs provided Dollar Tree and the LWDA with notices alleging numerous Labor Code violations, which included a suitable seating claim for failing to provide seating to employees who performed cashier duties. In November 2018, Plaintiffs submitted amended LWDA notices alleging that their suitable seating

claims included Dollar Tree's failure to provide suitable seating to "other aggrieved employees [who] greeted customers and performed exit security duties" at store entrances or exits.

Dollar Tree stated in its response to the notices: "On December 11, 2018, the Los Angeles Superior Court granted approval of the settlement in *Eric De La Cruz v. Dollar Tree Stores, Inc.*, BC 680173, which resolved suitable seating claims brought pursuant to the PAGA. . . . This settlement precludes Gomez from bringing a duplicative PAGA suitable seating claim against Dollar Tree Stores."

On December 31, 2018, Plaintiffs filed the instant action against Dollar Tree in the San Bernardino Superior Court. Plaintiffs thereafter filed an amended complaint and a second amended complaint (SAC) (the operative complaint). Plaintiffs' SAC against Dollar Tree contains a PAGA cause of action alleging numerous Labor Code violations. Plaintiffs brought the PAGA lawsuit on behalf of themselves and as representatives of the State and other aggrieved Dollar Tree employees. In addition to the alleged suitable seating claims, the SAC included allegations that Dollar Tree committed various wage related violations and violations for failing to provide notice of material employment terms.

With regard to the seating violations, the SAC alleges that "Plaintiffs and other non-party Aggrieved Employees spent a substantial portion of their day behind counters and/or near the store entrances/exits, regardless of their actual job title or description. The nature of the work of an employee performing cashier duties, greeting customers,

7

and/or performing exit security duties can reasonably be accomplished from a seated position." Dollar Tree allegedly violated Labor Code section 1198 and Wage Order 7-2001, section 14 by systematically, and on a company-wide basis, not providing "seats or stools at or near each cash register or at entrances/exits, forcing employees, including Plaintiffs and other non-party Aggrieved Employees, to stand throughout their work shifts."

The SAC further alleges that, "[a]s a result of Defendants' company-wide policy and/or practice of prohibiting employees assigned cashier, greeting, or exit security duties from sitting during their shifts and failure to provide suitable seating to these employees, Plaintiffs and other non-party Aggrieved Employees were forced to stand during shifts and denied seats. Defendants' failure to provide suitable seating to Plaintiffs and other non-party Aggrieved Employees violated and continues to violate California Labor Code section 1198 and IWC Wage Order 7-2001, section 14(A)." The SAC also alleges Dollar Tree violated section 1198 and the California Code of Regulations, Title 8, section 1100(14)(B) by not allowing Plaintiffs and other non-party Aggrieved Employees "to sit, even during lulls in their work duties, nor were they provided with suitable seats in reasonable proximity to their work areas" Dollar Tree filed an answer to Plaintiffs' SAC.

8

On May 17, 2021, Dollar Tree filed an MSA, requesting summary adjudication of the unenumerated PAGA suitable seating claim. Dollar Tree asserted that Plaintiffs' suitable seating claim was "barred by the claim preclusion doctrine as the previous case *Eric De La Cruz v. Dollar Tree Stores, Inc.*, Los Angeles Superior Court Case No. BC 680173 ("*De La Cruz*") litigated this claim to finality." Plaintiffs filed opposition to Dollar Tree's MSA, arguing their action was not barred by the claim preclusion doctrine because the claims alleged in the SAC were much broader than the claim alleged and settled in the *DLC* action.

On August 19, 2021, the trial court heard and denied Dollar Tree's MSA for the following reasons, which were incorporated in the court's minute order denying the MSA: (1) Plaintiffs' action was not barred because there was no *DLC* settlement under PAGA, since no funds went to aggrieved employees other than DLC; (2) the *DLC* settlement was narrowly limited to one individual, DLC; (3) the group of aggrieved employees was defined less broadly in *DLC* than in Plaintiffs' PAGA action; and (4) Plaintiffs' case involved conduct that post-dated the *DLC* settlement release.

On September 2, 2021, Dollar Tree filed an ex parte application for an order vacating the order denying its MSA or, alternatively, granting an extension to file a petition for a peremptory writ of mandamus, staying the action pending the outcome of the petition. Plaintiffs filed opposition. The trial court denied Dollar Tree's ex parte application, with the exception of granting Dollar Tree an extension to file a petition for a peremptory writ of mandamus. Dollar Tree timely filed in this court its writ petition

requesting an order directing the trial court to vacate its August 19, 2021 order denying Dollar Tree's MSA and issue a new order granting it.

## III.

## REQUEST FOR DISMISSAL

After we issued a tentative opinion on Dollar Tree's writ petition, but before this court held oral argument and issued a decision, Dollar Tree requested dismissal of its writ petition upon settling the matter.

An appellant or petitioner may not dismiss an appeal or writ petition filed in this court as a matter of right. (*Huschke v. Slater* (2008) 168 Cal.App.4th 1153, 1160 [imposing $6,000 sanctions on attorney for unreasonable delay in notifying appellate court that parties had settled and dismissed the underlying case].) Rather, pursuant to California Rules of Court, rule 8.244(c)(2), "On receipt of a request or stipulation to dismiss, the court *may* dismiss the appeal and direct immediate issuance of the remittitur." (Italics added.) Thus, dismissal is discretionary. Here, because the parties have settled this case and will avoid further litigation and a potential trial of the issue raised in the writ petition, we grant Dollar Tree's request to dismiss its writ petition.

10

## IV.

## DISPOSITION

Dollar Tree's request for dismissal is granted and Dollar Tree's writ petition is ordered dismissed. Our stay order on March 9, 2022, is dissolved. Each party is to bear their/its own costs.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON
J.

We concur:

RAMIREZ
P. J.

McKINSTER
J.

11