Filed 1/9/23 Gonzales v. Superior Court CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| PATRICK GONZALES, | |
| Petitioner, | E077804 |
| v. | (Super. Ct. No. RIC2003872) |
| THE SUPERIOR COURT OF RIVERSIDE COUNTY, | OPINION |
| Respondent; | |
| MYGRANT GLASS COMPANY et al., | |
| Real Parties in Interest. | |

ORIGINAL PROCEEDINGS; petition for writ of mandate and/or prohibition. Carol A. Greene, Judge. Dismissed.

Employees First Labor Law, Jonathan P. LaCour, Lisa Noveck and Amanda L. Wilbur, for Petitioner.

No appearance for Respondent.

Gordon Rees Scully Mansukhani, Roger M. Mansukhani, Joan C. Woodard and John D. Sager, for Real Parties in Interest.

1

I.

INTRODUCTION

Patrick Gonzales sued his former employer, Mygrant Glass Company, Inc., and former supervisor, Troy Shaffer (collectively, defendants), for various employment claims. About eight months later, Gonzales moved to amend his complaint to add new allegations and five new causes of action under the Fair Employment and Housing Act (FEHA; Gov. Code § 12940 et seq.) on the ground that he learned of new facts during discovery.

After the trial court denied Gonzales's motion to amend, Gonzales petitioned this court for a writ of mandate directing the trial court to allow the amendment. We issued a tentative opinion and scheduled the matter for oral argument, which was continued at the parties' request so that they could pursue settlement negotiations. Gonzales now requests that we dismiss the petition. We grant the request.

II.

FACTUAL AND PROCEDURAL BACKGROUND[1]

In 2016, while Gonzales worked for Mygrant, his father suffered a stroke and had to undergo quadruple bypass surgery. He suffered a second stroke during the surgery, which left him with permanent disabilities and significantly limited mobility. Gonzales's father has since needed daily help with everyday things, such as getting out of bed,

---

[1] The facts come from Gonzales's complaint, and we assume they are true. (*McAllister v. Los Angeles Unified School Dist.* (2013) 216 Cal.App.4th 1198, 1206.)

dressing himself, and walking. Gonzales has spent "a large amount of his time" taking care of his father since he suffered his strokes.

When the COVID-19 pandemic began in March 2020, Gonzales's father's physician recommended that Gonzales stay home to avoid being exposed to the virus and transmitting it to his father. The physician told Gonzales that his father's condition put him at a high risk of death if he contracted COVID-19.

Gonzales spoke with Shaffer about his father's condition and his physician's recommendations. Shaffer told Gonzales that he would have to use his accumulated paid sick leave, but that taking time off would "reflect poorly" on him and could lead to a pay decrease or termination. When Gonzales spoke with Shaffer a second time about staying home to care for his father and minimize their risk of contracting COVID-19, Shaffer again told Gonzales that he could lose his job or his pay rate could be cut if he took time off.

Gonzales began to use sick leave to stay home with his father around March 25, 2020. At some point in April 2020, a coworker told Gonzales that Mygrant managers and employees had made "negative comments" about Gonzales and his father. One employee allegedly said that the pandemic was Mygrant's "best opportunity to get rid of [Gonzales]." Shaffer allegedly told other Mygrant employees that they should wrap Gonzales's paycheck in a dirty napkin because he and his father were so afraid of contracting COVID-19.

3

On April 17, 2020, Gonzales received a text message saying that he was being laid off. Later that day, Gonzales filed a complaint with Mygrant's human resources, stating that he believed he was being punished for taking time off to care for his father. He also expressed concern that his being laid off by text message was a form of retaliation for taking time off to care for his father. Mygrant terminated Gonzales's employment a few days later.

About five months later, on September 28, 2020, Gonzales filed and served a complaint against defendants for various wage-and-hour claims, unfair competition, retaliation, wrongful termination in violation of public policy, and for violating provisions of the federal Families First Coronavirus Response Act (5 U.S.C. § 1101 et seq.). Gonzales did not allege any FEHA claims.

About eight months later, on May 27, 2021, Gonzales moved to filed a first amended complaint (FAC). Gonzales's proposed FAC contained a few new allegations relating to Gonzales's father's medical condition, Gonzales's discussion with Shaffer about taking time off to care for his father, and Shaffer's response. The proposed FAC also added allegations that Mygrant failed to try to accommodate Gonzales and his father's needs, and instead terminated Gonzales because of his obligations to his father. Based on these new allegations, Gonzales sought leave to amend to add five new causes of action against defendants, all of which were under FEHA: (1) wrongful termination; (2) association disability discrimination; (3) failure to provide reasonable accommodations; (4) failure to engage in a good faith interactive process; and (5) hostile

4

work environment.

The only evidentiary support Gonzales submitted in support of the motion was a declaration from his counsel, Jonathan LaCour. LaCour's explanation for Gonzales wanting to file his FEHA claims stated in full: "Since [filing suit], through conducting an investigation and receiving [d]efendants' discovery, [Gonzales has] learned that [d]efendant[s] subjected [him] to numerous FEHA violations on the basis of [his] association with a disabled family member, namely, his father." LaCour thus explained that he did not learn of the basis for Gonzales's FEHA claims until April 2021, "only a few weeks after receiving [d]efendants' discovery responses," and only a few weeks before LaCour filed the motion to amend. LaCour claimed that defendants would not be prejudiced by the amendment in part because they "were placed on notice of the underlying facts that support [Gonzales's] FEHA claims at least since the inception of [his] lawsuit outlining [d]efendants' wrongful treatment of him."

The trial court denied Gonzales's motion to amend on the ground that it did not comply with California Rules of Court, rule 3.1324(b)(1)-(4).[2] The court reasoned that LaCour did not explain in his declaration "what specific discovery responses or information came out during the discovery process that caused [Gonzales] to 'discover' these new causes of action." The court also found that Gonzales knew of "[m]any of the 'new' facts" in the proposed FAC when he originally filed suit. The trial court noted: "For example, proposed paragraph 31 provides that [Gonzales] requested the

_____

[2] All further references to a "Rule" are to the California Rules of Court.

5

accommodation of working from home to protect his father from possible COVID-19 transmission at his father's physician's orders. If Plaintiff did in fact suffer a hostile work environment, he would have suffered the hostility during the time of his employment and thus prior to filing his initial complaint." The trial court thus found that it was "not clear" whether "the 'new' allegations" in the proposed FAC were discovered during discovery and could not have been alleged in the original complaint.

The trial court thus denied Gonzales's motion to amend and sua sponte continued the Trial Setting Conference scheduled for later that day. The conference was held on September 9, 2021, during which trial was set for March 4, 2022.

Gonzales then filed a petition for writ of mandate in this court. We granted a stay, issued an order to show cause, and received full briefing from the parties. After issuing a tentative opinion and setting the matter for oral argument, we stayed the case at the parties' request while they pursued a settlement. Gonzales later requested that we dismiss the petition.

## III.

## REQUEST FOR DISMISSAL

An appellant may not dismiss an appeal as a matter of right. (*Huschke v. Slater* (2008) 168 Cal.App.4th 1153, 1160 [imposing $6,000 sanctions on attorney for unreasonable delay in notifying appellate court that parties had settled and dismissed the underlying case].) Rather, pursuant to California Rules of Court, rule 8.244(c)(2), "[o]n receipt of a request or stipulation to dismiss, the court *may* dismiss the appeal and direct

6

immediate issuance of the remittitur." (Italics added.) Thus, dismissal is discretionary. We exercise our discretion and grant Gonzales's request to dismiss the petition.

IV.

DISPOSITION

Gonzales's petition for a writ of mandate is dismissed. Each party shall bear their own costs on appeal.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON
J.

We concur:

RAMIREZ
P. J.

McKINSTER
J.