Filed 2/24/22  Jones v. Commonwealth Land Title Ins. Co. CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FOURTH APPELLATE DISTRICT

# DIVISION TWO

KEITH JONES, et al.,

    Plaintiffs and Respondents,

v.

COMMONWEALTH LAND TITLE INSURANCE COMPANY,

    Defendant and Appellant.

E073842

(Super. Ct. No. RIC 1612837)

OPINION

APPEAL from the Superior Court of Riverside County.  David M. Chapman, Judge.  Dismissed.

Garrett & Tully, Ryan C. Squire, Zi C. Lin and Linda R. Echegaray, for Defendant and Appellant.

The Ehrlich Law Firm and Jeffrey I. Ehrlich; Shernoff Bidart Echeverria, William M. Shernoff, Samuel L. Bruchey and Cooper F. Johnson, for Plaintiffs and Respondents.

1

# I.

## INTRODUCTION

Keith and Patricia Jones bought an undeveloped parcel of land on an unpaved road and built a house on it. The Joneses obtained title insurance for the parcel from Commonwealth Land Title Insurance Company, which provided coverage if the parcel lacked a "right of access." After the house was nearly completed, the Joneses' construction company told them that their house was "landlocked," meaning there was no easement to connect the house to utilities or a public road.

The Joneses made a claim to Commonwealth, which it initially accepted but later denied. The Joneses sued Commonwealth for breach of contract and bad faith. In a bifurcated trial, the trial court first found that the Joneses' property lacked legal access when Commonwealth denied their claim. In the second phase of the trial, a jury found that Commonwealth denied the claim in bad faith and awarded the Joneses $1.55 million in damages.

Commonwealth appealed. After we issued a tentative opinion, but before we held oral argument, the parties informed this court that they had reached a settlement. The parties then stipulated to dismissing the appeal with various terms. We exercise our discretion to dismiss the appeal without reaching the merits.

2

FACTUAL AND PROCEDURAL BACKGROUND

A. *The Joneses' Property*

The Joneses' house is on an undeveloped parcel in Temecula in Riverside County (the County). An unpaved, dirt portion of Madera De Playa Drive abuts the property to the north. The paved portion of Madera De Playa Drive is a public road, which ends several hundred feet to the northeast of the Joneses' parcel.

In 1970, a record of survey, filed at page 17 of Book 55 in the County's Record of Surveys (RS 55/17), describes four parcels. The Joneses' parcel is located within Parcel 1. RS 55/17 also describes two 30-foot-wide strips of land "to be reserved in deed," one of which runs along the northern boundary of Parcel 1.

In December 1972, the owners of Parcel 1 on RS 55/17 filed two "certificates of dedication" offering the land described in the legal descriptions attached to the certificates as "easements for road, sewer, drainage and public utility purposes." The descriptions attached to the certificates referenced the "northerly 30.00 feet of that portion of Parcel 1" as shown in RS 55/17 (that is, the unpaved portion of Madera De Playa Drive at issue in this case). The certificates were recorded in 1973 as Instruments 9339 and 9340.

In 1984, Parcel Map 14601 was recorded, which resulted in Parcel 1 being subdivided into four smaller parcels.  Parcel Map 14601 created a 30-foot-wide easement along the northern boundaries of Parcel 3 ("Lot B") and Parcel 4 ("Lot A") "for roads and public utilities as shown on RS 55/17."  The easement—the unpaved portion of Madera De Playa Drive—did not extend beyond Parcels 3 or 4.

In 1994, the County Board of Supervisors (the Board) adopted Resolution 94-325.

The first paragraph of the Resolution states in full:  "WHEREAS, the hereinafter-described public roads were offered for dedication for public road purposes by Certificate and/or delineation on or within the Certificate of Dedication, Declaration of Dedication, Tract Maps, and Parcel Maps hereinafter referred to, which offers of dedications have not previously been accepted by the County."  The next paragraph provides that the Board "accepts the offers of dedications and recognizes that said roads are public roads open for

4

use by the general public." The fourth paragraph of the Resolution states: "Said roads are in the County of Riverside . . . and are described as follows: [¶] SEE LEGAL DESCRIPTION ATTACHED HERETO AS EXHIBIT 'A' AND MADE A PART HEREOF."

The attached "Exhibit A" is 13 pages long and identifies and describes about 70 roads, including Madera De Playa Drive. As to that street, the description states in full: "That portion of Madera De Playa Drive described by Certificate of Dedication recorded January 22, 1973 as Instrument No. 9337, and shown on Parcel Map 4895 filed in Book 7, Page 47; by Certificate of Dedication recorded January 24, 1973 as Instrument No. 10606, and shown as Lot F on Parcel Map No. 10868 filed in Book 51, Page 47; Lots A, B, C, and D dedicated by Parcel Map No. 12877 filed in Book 87, Page 81; Lot A dedicated by Parcel Map No. 7837 filed in Book 28, Pages 19 and 20, Lots A, B, C, and D dedicated by Parcel Map No. 6564 filed in Book 19, page 12; *the road easement dedicated by Record of Survey filed in Book 55, Page 17, lying within Parcel 1 of said Record of Survey*, all Records of the Recorder, Riverside County, California." (Italics added.)

B. *The Parties' Dispute*

In October 2012, the Joneses bought Parcel 3 as described in in Tract Map 14601 from Gregory Koll. They contracted with Koll's construction company to build a house on the property. The contract provided that Koll would pave a road to the house and "obtain services for water, sewer, electrical."

5

The Joneses financed the purchase of Parcel 3 and the construction of their house with a loan. As part of the financing, the Joneses obtained title insurance from Commonwealth. Among other things, the policy provides coverage for damages "insured by reason of . . . [l]ack of right of access to and from the land."

Koll began construction on the Joneses' house in April 2013, and substantially completed it by June 2014. Yet Koll could not connect the house to water and electricity services. Koll intended to bring utilities to the house through Madera De Playa Drive, but the water service company, Rancho Water, and the electric service company, Southern California Edison, concluded that they could not do so. Neither company could verify that the unpaved portion of Madera De Playa Drive leading to the Joneses' house from the paved portion of the street had been dedicated to or accepted by the County. In other words, both utility companies determined there was no easement for utilities connecting the Joneses' property to public land, meaning their property was "landlocked."

In December 2015, the Joneses submitted a claim to Commonwealth, arguing that their house lacked a legal right of access under their policy. Commonwealth initially agreed and told the Joneses their claim was covered because there was a "[l]ack of right of access to and from the land" under their policy. Commonwealth, however, later concluded otherwise and denied the Joneses' claim in June 2016.

In February 2015, the County approved Tract Map 30284. The parties agree that it provides legal access to the Joneses property by connecting a 30-foot-wide easement

6

abutting the property—the unpaved portion of Playa De Madera Drive—to the paved portion of the street. However, the Joneses still could not connect utilities to their house because the County and Rancho California Water District required the easement to be 32 feet wide.

Because the Joneses could not get utilities in their house, they abandoned the project, made their last mortgage payment in May 2016, and moved to Texas. Their house was sold at a foreclosure auction in February 2018.

C. *Procedural History*

In October 2016, the Joneses sued Commonwealth for breach of contract and breach of the covenant of good faith and fair dealing. They alleged their Commonwealth insurance policy covered their claim because their property lacked a legal right of access and that Commonwealth denied their claim in bad faith.

The trial was bifurcated into two phases. Phase 1 was a bench trial and was limited to the issue of whether the Joneses' property had legal access when Commonwealth denied their claim. The trial court found that it did not.

Phase 2 was a jury trial. The jury found that Commonwealth breached its contract with the Joneses by unreasonably denying their claim and that its breach violated the covenant of good faith and fair dealing. The jury awarded the Joneses $1.55 million in damages, consisting of $300,000 for the insurance policy proceeds, $200,000 each for the Joneses' past emotional distress, $100,000 each for the Joneses' future emotional distress,

7

$100,000 for Mr. Jones's past lost wages, $300,000 for Mr. Jones's future lost wages for three years, and $250,000 for the loss of the property.

The trial court denied Commonwealth's post-trial motions to vacate its Phase 1 Statement of Decision, for a new trial, and for judgment notwithstanding the verdict (JNOV). The trial court then awarded the Joneses $803,250 in attorney's fees, $115,775 in prejudgment interest, and $68,687.85 in costs, and entered judgment for the Joneses. Commonwealth timely appealed.

III.

REQUEST FOR DISMISSAL

An appellant may not dismiss an appeal as a matter of right. (*Huschke v. Slater* (2008) 168 Cal.App.4th 1153, 1160 [imposing $6,000 sanctions on attorney for unreasonable delay in notifying appellate court that parties had settled and dismissed the underlying case].) Rather, pursuant to California Rules of Court, rule 8244(c)(2), "[o]n receipt of a request for stipulation to dismiss, the court *may* dismiss the appeal and direct immediate issuance of the remittitur." (Italics added.) Thus, dismissal is discretionary. Here, because the parties have settled, we grant the parties' request to dismiss the appeal.

IV.

DISPOSITION

Pursuant to the parties' stipulation, Commonwealth's appeal is dismissed with prejudice.  The parties shall bear their own costs on appeal, and the remittitur shall issue forthwith.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON_____

Acting P. J.

We concur:


FIELDS_____

J.


RAPHAEL_____

J.