Filed 4/27/22  Springbrook Heritage Alliance v. City of Riverside CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| SPRINGBROOK HERITAGE ALLIANCE,<br><br>　　　Plaintiff and Appellant,<br><br>v.<br><br>CITY OF RIVERSIDE et al.,<br><br>　　　Defendants and Respondents;<br><br>TRANSITION PROPERTIES, LP, et al.,<br><br>　　　Real Parties in Interest and Respondents. | E076462<br><br>(Super. Ct. No. RIC1900694)<br><br>OPINION |

APPEAL from the Superior Court of Riverside County.  Sunshine S. Sykes, Judge.  Dismissed.

Brandt-Hawley Law Group and Susan Brandt-Hawley, for Plaintiff and Appellant.

Office of the City Attorney, Phaedra A. Norton and Anthony L. Beaumon; for Defendants and Respondents.

1

Allen Matkin Leck Gamble Mallory & Natsis, K. Erik Friess and Andrew Lee, for Real Parties in Interest and Respondents.

I.

INTRODUCTION

The City of Riverside approved the construction of a 300,000-plus square foot warehouse (the project). In response, Springbrook Heritage Alliance filed a petition under the California Environmental Quality Act (CEQA) challenging the project. Springbrook argued that the City erroneously approved the project after adopting a mitigated negative declaration (MND) instead of conducting an environmental impact report (EIR). The trial court denied the petition.

Springbrook appealed. After we issued a tentative opinion but before we held oral argument, the parties informed us that they had reached a settlement. The parties then stipulated to dismissing the appeal with various terms. We exercise our discretion to dismiss the appeal without reaching the merits.

II.

FACTUAL AND PROCEDURAL BACKGROUND

A. *The Project*

The project's location is a 15.9-acre, four-lot site on Center Street in north Riverside along the City's border with the City of Colton. There is a soccer field to the southwest of the project site. The Trujillo Adobe, a Riverside County Landmark, a State of California Point of Interest, and a Historical Landmark, is about 930 feet to the east. It

was built in 1862, making it "the oldest non-Native American structure remaining in Western Riverside County."

The parcels directly to the north (in Colton) and to the east (in both Riverside and Colton) of the project are used predominantly for industry. They include a warehouse, a port-a-potty servicer, a semi-truck and trailer storage yard, a grease manufacturer, a concrete contractor, a steel storage yard, and a construction storage yard.

Respondent Transition Properties applied to the City to build the project. The proposed project is a 308,000 square foot warehouse with access only via Center Street. It includes "110,591 square feet of landscaping, the potential for up to 167 passenger vehicle parking stalls, 237 truck trailer stalls, and 62 loading docks." Construction of the project would take about 19 months.

B. *The Project's Approval Process*

In November 2017, a consulting group prepared an Initial Study "to assess the short-term, long-term, and cumulative environmental impacts that could result from the [] project." Based on the Initial Study, the City determined that the project's potential environmental effects would be less than significant after implementing mitigation measures. The City thus prepared an MND instead of an EIR.

After the City's Design Review Committee administratively approved the project and adopted the MND for the project in February 2018, Springbrook appealed the decision through three stages of City review.

3

The first stage was the City's Planning Commission, which unanimously determined that the project "will not have a significant effect on the environment based on the findings set forth in the case record." The Planning Commission, therefore, denied Springbrook's appeal and approved of construction of the project with an MND only.

Springbrook then appealed to the City's Land Use Committee, which recommended by a 2-1 vote that the City approve the project. The committee concluded, however, that the full City Council had to decide whether to approve the project.

Thus, the third and final stage of Springbrook's appeal was to the City Council. The City Council held two hearings on the matter. The first was a public hearing in October 2018. After receiving comments from the public, the City voted to approve the project in December 2018, at a closed hearing. The City issued minutes from the hearing explaining that the City "determined that the proposed project will not have a significant effect on the environment based on the findings set forth in the case record" and thus adopted the MND.

C. *Trial Court Proceedings*

Springbrook petitioned the trial court for a writ of mandamus directing the City "to set aside the project and reconsider approval only if it conducts an EIR process to analyze environmental impacts and identify and adopt feasible mitigations and alternatives." The trial court denied Springbrook's petition in a one-line minute order that stated, "Petition denied – entire case dispositioned." Springbrook timely appealed.

4

III.

REQUEST FOR DISMISSAL

An appellant may not dismiss an appeal as a matter of right. (*Huschke v. Slater* (2008) 168 Cal.App.4th 1153, 1160 [imposing $6,000 sanctions on attorney for unreasonable delay in notifying appellate court that parties had settled and dismissed the underlying case].) Rather, pursuant to California Rules of Court, rule 8.244(c)(2), "[o]n receipt of a request or stipulation to dismiss, the court *may* dismiss the appeal and direct immediate issuance of the remittitur." (Italics added.) Thus, dismissal is discretionary. Here, because the parties have settled, we grant the parties' request to dismiss the appeal.

IV.

DISPOSITION

Pursuant to the parties' stipulation, (1) Springbrook's appeal is dismissed with prejudice and (2) the remittitur shall issue immediately. Each party shall bear their own costs on appeal.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON
J.

We concur:


RAMIREZ
P. J.


MILLER
J.

5