Filed 9/16/24  Jahanshahi v. Rosenfeld CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| SHAHROUZ JAHANSHAHI,<br><br>Plaintiff and Appellant,<br><br>v.<br><br>BENJAMIN TARN ROSENFELD,<br><br>Defendant and Respondent. | B323422<br><br>(Los Angeles County<br>Super. Ct. No. 19STCV40091) |

APPEAL from an order of the Superior Court of Los Angeles County, Christopher K. Lui, Judge.  Affirmed.

Shahrouz Jahanshahi, in pro. per., for Plaintiff and Appellant.

Singleton Schreiber, Gerald Singleton and Jonna D. Lothyan for Defendant and Respondent.

—————————————

In an earlier appeal involving the same parties, we affirmed a judgment of dismissal following an order granting respondent Benjamin Tarn Rosenfeld's special motion to strike under California's anti-SLAPP statute. (*Jahanshahi v. Rosenfeld* (Feb. 10, 2022, B304076) [nonpub. opn.] (*Jahanshahi*).) On remand, the trial court ordered appellant Shahrouz Jahanshahi to pay attorney fees and costs Rosenfeld incurred on appeal. The court denied Jahanshahi's motions to vacate the court's prior judgment for lack of jurisdiction and "to strike and tax" Rosenfeld's motion for attorney fees and costs. Jahanshahi appeals, arguing that the trial court abused its discretion by awarding appellate attorney fees and costs. Jahanshahi also urges us to impose appellate sanctions against Rosenfeld and his attorneys. We affirm the order and deny the motions for sanctions.

## FACTUAL AND PROCEDURAL BACKGROUND

We adopt the following facts from our prior opinion regarding the underlying action. "Jahanshahi is a landlord and Howard and Jean Rosenfeld (the Rosenfelds) were his tenants. After about three years of tenancy, the Rosenfelds vacated Jahanshahi's West Los Angeles condominium on June 26, 2015. After they moved out, Jahanshahi kept the Rosenfelds' $4,000 security deposit and demanded an additional $676.55 for repair costs, over and above the amount of the security deposit. The Rosenfelds contended Jahanshahi was only entitled to keep $950 of the security deposit for damage to the property, and sought to recover the $3,050 balance." (*Jahanshahi, supra*, B304076.)

"The Rosenfelds engaged the services of their son, Attorney Rosenfeld, who is the defendant and respondent herein. He represented the Rosenfelds in a limited civil case they brought

2

against Jahanshahi in the Los Angeles Superior Court . . . ." (*Jahanshahi*, *supra*, B304076.)

### *Anti-SLAPP Motion and First Appeal*

In November 2019, Jahanshahi filed suit against attorney Rosenfeld.  In December 2019, "Rosenfeld filed a special motion to strike pursuant to [Code of Civil Procedure] section 425.16, contending that all of Jahanshahi's causes of action, claims and allegations arose from Rosenfeld's representation of his clients in the underlying action, and therefore were protected both by his right to petition ([Code Civ. Proc.,] § 425.16, subd. (e)(2)) and by the litigation privilege.  (Civ. Code, § 47.)" (*Jahanshahi*, *supra*, B304076.)  The trial court granted the special motion to strike, and we affirmed the trial court's order.  We also affirmed the trial court order awarding Rosenfeld attorney fees.  We rejected Jahanshahi's argument that the trial court abused its discretion in awarding attorney fees because Rosenfeld had acted as a "ghostwriter" and had in essence represented himself.  We awarded Rosenfeld his appellate costs.

### *Trial Court's Order on Appellate Attorney Fees and Costs*

In May 2022, Rosenfeld filed a motion in the trial court for attorney fees and costs incurred on appeal.  Attorney Harini P. Raghupathi filed the motion and submitted a supporting declaration.  The motion sought $669.50 in costs and at least $31,050 in attorney fees.

That same month, Jahanshahi filed a motion to vacate the trial court's judgment of dismissal and a motion "to strike and tax" Rosenfeld's costs.  He additionally filed an opposition to Rosenfeld's motion for attorney fees.  In the motion to vacate the judgment, Jahanshahi argued the trial court lacked jurisdiction over the case because, in 2020, one department of the court had

3

transferred the matter to a different department. Jahanshahi asserted that since the presiding judge of the superior court had not reassigned the case, the transfer was unconstitutional.[1]

Regarding Rosenfeld's motion for appellate costs, Jahanshahi asserted that Raghupathi had not represented Rosenfeld on appeal, the attorney declaration was false, and one cost item—a filing fee on appeal—was excessive. In opposition to Rosenfeld's request for appellate attorney fees, Jahanshahi again argued Rosenfeld had represented himself and therefore was not entitled to attorney fees. He asserted there was no proof that Raghupathi represented Rosenfeld on appeal because she did not file a substitution of attorney in the appellate court. In reply, Rosenfeld countered that a single law firm, Singleton Schreiber, continuously represented Rosenfeld throughout the proceedings. Accordingly, no substitution of attorney was necessary, he was not self-represented, and he was entitled to attorney fees.

On August 23, 2022, the trial court held a hearing on the pending motions. In its order after the hearing, the court denied Jahanshahi's motion to vacate the judgment and the motion to tax costs. The court awarded Rosenfeld $669.50 in costs and a reduced $20,700 in attorney fees.[2] Jahanshahi timely appealed from the trial court's order.

---

[1] Jahanshahi made a similar argument in the prior appeal. He asserted the transfer between departments was evidence of bias and provided a basis to reverse the order granting the motion to strike. We rejected the argument.

[2] The trial court based the attorney fee award on 46 hours of work, rather than the 69 hours requested.

4

## DISCUSSION

Jahanshahi contends the trial court erred by awarding appellate attorney fees and costs to Rosenfeld. Reprising a variation of the argument he has made repeatedly in the trial court and in the prior appeal, Jahanshahi's primary contention is that Rosenfeld was a "ghostwriter" for his attorney and represented himself, so he did not legitimately incur any appellate attorney fees or costs. Jahanshahi also makes several unsupported arguments of trial court error. Rosenfeld counters that Jahanshahi's arguments are not supported by evidence or are outside the scope of this appeal, and, in any event, the trial court's attorney fee and costs award was not an abuse of discretion. We conclude that Jahanshahi has failed to establish any reversible error.

## I.    Requests for Judicial Notice

Jahanshahi has filed two requests for judicial notice. The first requests judicial notice of an October 2016 e-mail he sent to Rosenfeld regarding a deposition and several proofs of service reflecting Rosenfeld's service on Jahanshahi in 2015 and 2017. We decline to take judicial notice of these documents because, even if there were a statutory basis for us to do so, the documents are "not relevant to an issue that is necessary to our disposition." (*City of Hesperia v. Lake Arrowhead Community Services Dist.* (2023) 93 Cal.App.5th 489, 508.) Issues related to the service of documents between 2015 and 2017 are not a proper subject of this appeal, which concerns only the proceedings following the first appeal in this matter.

In the second request, Jahanshahi asks us to take judicial notice of the following: The California Supreme Court's electronic filing procedure (exhibit A); "California Courts of Appeals FAQs,

5

[¶] revised June 2021," regarding the TrueFiling system (exhibit B); a document from the Second District Court of Appeal's website regarding electronic filing (exhibit C); an electronic filing rule from the Sixth Appellate District (exhibit D); and an unpublished decision from the Court of Appeal, Second District, Division Four (exhibit E).

The electronic filing rules or procedures specific to other Courts of Appeal (exhibit D) are not relevant to this matter. Unpublished appellate decisions may not be cited as precedential authority and Jahanshahi has not provided any appropriate basis for us to take judicial notice of or otherwise consider exhibit E. (Cal. Rules of Court, rule 8.1115 [unpublished opinion must not be cited or relied on by a court or party in any other action].)[3] We grant the request for judicial notice of exhibits A, B, and C as reflecting information from the California Supreme Court's website and two Court of Appeal websites regarding electronic filing procedures. (Evid. Code, § 452; *Smith v. Superior Court* (2020) 52 Cal.App.5th 57, 62, fn. 1.)

## II. Electronic Service

Jahanshahi raises several issues related to the electronic service of documents in this appeal.[4] On April 15, 2024, Jahanshahi filed a motion to strike Rosenfeld's brief. Jahanshahi argues the brief, which Rosenfeld served electronically, was not

---

[3] All further rule references are to the California Rules of Court.

[4] We note that in the underlying complaint, Jahanshahi alleged Rosenfeld's e-mail communications invaded his right to privacy. The trial court found, and this court agreed, that the claim arose from protected activity and fell within the protection of the anti-SLAPP statute.

properly served because he had not consented to electronic service.  Further, in one of his motions for sanctions, Jahanshahi asserts Rosenfeld's counsel's electronic service of two documents in this appeal violates court rules and is sanctionable conduct.  We reject these claims.

Rule 8.78(a)(1)(B) provides that a document may be electronically served "[i]f the recipient agrees to accept electronic services as provided by these rules and the document is otherwise authorized to be served by mail, express mail, overnight delivery, or fax transmission."  Pursuant to rule 8.78(a)(2)(B), "[a] party indicates that the party agrees to accept electronic service by[ ] [¶] . . . [¶] [r]egistering with the court's electronic filing service provider and providing the party's electronic service address.  Registration with the court's electronic filing service provider is deemed to show that the party agrees to accept service at the electronic service address that the party has provided, unless the party serves a notice on all parties and files the notice with the court that the party does not accept electronic service and chooses instead to be served paper copies at an address specified in the notice."

A self-represented party is not required to electronically file documents (rule 8.71(b)), and may not be required to accept service of electronically filed documents (rule 8.79(a)(2)(A)).  However, pursuant to rule 8.71(b)(2), by electronically filing any document with the court, a self-represented party agrees to file documents electronically.  Filing documents electronically requires registration with the court's electronic filing service provider and, as noted above, that registration is an indication

7

under rule 8.78(a)(2)(B) that the party—self-represented or not—agrees to accept electronic service.[5]

The record and docket in this matter establish that Jahanshahi has filed documents electronically in this court and did so prior to the filing of the respondent's brief and the documents he asserts were improperly served electronically. He has not filed a notice indicating he does not accept electronic service, pursuant to rule 8.78(a)(2)(B). Rosenfeld's counsel's electronic service of documents in this appeal was therefore sufficient and did not violate court rules.

Moreover, even if Rosenfeld's brief was improperly served, we would still deny the motion to strike as Jahanshahi cannot establish prejudice. Not only did Rosenfeld submit evidence indicating Jahanshahi received and downloaded the brief,[6] we also granted Jahanshahi's request for an extension of time to file his reply brief. We therefore deny Jahanshahi's motion to strike

---

[5] As discussed above, at Jahanshahi's request, we have taken judicial notice of a document from this court's website providing information about this court's electronic filing procedures. The document states: "Pursuant to California Rules of Court, Rule 8.70 and Rule 8.71, all filings in Civil, Criminal, Juvenile and Original proceedings must be made through the Court's electronic filing system (TrueFiling). [¶] Self-represented parties may, but are not required to register for electronic filing, but must comply with this rule and the requirements of TrueFiling if they elect to register."

[6] Rosenfeld presented evidence that Jahanshahi is registered with TrueFiling, this court's electronic service provider, and provided it with his electronic service address. Rosenfeld also submitted evidence that Jahanshahi downloaded the respondent's brief on February 28, 2024.

Rosenfeld's respondent's brief and reject the argument that Rosenfeld's counsel violated court rules or engaged in sanctionable conduct by serving documents electronically in this appeal.

## III. Jahanshahi Has Not Established Error in the Trial Court's Award of Attorney Fees and Costs

Code of Civil Procedure section 425.16, subdivision (c), provides that "a prevailing defendant on a special motion to strike shall be entitled to recover [his or her] attorney's fees and costs." This includes "fees incurred in responding to an appeal of an order granting a special motion to strike . . . ." (*Wanland v. Law Offices of Mastagni, Holstedt & Chiurazzi* (2006) 141 Cal.App.4th 15, 21; *Wilkerson v. Sullivan* (2002) 99 Cal.App.4th 443, 448.)

We review the court's order awarding attorney fees and costs for an abuse of discretion. "[T]he trial court has broad authority to determine the amount of a reasonable fee." (*PLCM Group v. Drexler* (2000) 22 Cal.4th 1084, 1095.) "[T]he trial court's exercise of discretion will be reversed only if its decision 'exceeded the bounds of reason,' i.e., it was arbitrary, capricious, or patently absurd." (*Rey v. Madera Unified School Dist.* (2012) 203 Cal.App.4th 1223, 1240.)

It is a fundamental rule of appellate review that an appealed judgment or order is presumed correct, and error must be affirmatively shown. (*Jameson v. Desta* (2018) 5 Cal.5th 594, 609.) " 'In the absence of a contrary showing in the record, all presumptions in favor of the trial court's action will be made by the appellate court.' " (*Ibid.*)

Jahanshahi's main argument is one he made before the trial court during the litigation of the anti-SLAPP motion and in

9

his first appeal, as well as again on remand. Jahanshahi contends Rosenfeld is not entitled to attorney fees because he represented himself despite purporting to have counsel. (See, e.g., *Trope v. Katz* (1995) 11 Cal.4th 274, 292 [attorney who litigates in propria persona cannot recover attorney fees].) On remand from this court, the trial court rejected Jahanshahi's ghostwriting argument, finding no evidence that Rosenfeld represented himself on appeal. Jahanshahi does not explain how this conclusion was an error; he merely points to his motion to tax costs and supporting declaration, and to a request for judicial notice filed in the trial court, to argue the trial court ignored the evidence of "ghostwriting."

The trial court properly rejected this argument. As reflected in our prior opinion, the law firm Singleton Schreiber McKenzie & Scott and attorney Harini P. Raghupathi appeared as counsel for Rosenfeld on appeal. Raghupathi also submitted a declaration to the trial court attesting to the hours she worked on Rosenfeld's appeal. Jahanshahi argues Raghupathi's declaration did not comply with Code of Civil Procedure section 2015.5 because she wrote "swear" instead of "certify" or "declare" to avoid perjury. This argument misrepresents the record. Raghupathi wrote in her declaration in support of attorney fees and costs, "I declare under penalty of perjury . . . ." This is consistent with Code of Civil Procedure section 2015.5, subdivision (a), which explicitly states that a declaration may be "substantially [in] the following form: [¶] . . . [¶] 'I certify (or declare) under penalty of perjury,' " if executed in this state. The trial court was entitled to credit Raghupathi's declaration as evidence that Rosenfeld's counsel of record did in fact perform

10

legal services on his behalf. We neither reweigh the evidence nor second guess the trial court's credibility determinations.

Jahanshahi's additional arguments similarly fail to establish any trial court error. First, he contends the trial court lacked jurisdiction "as a trial judge cannot transfer a case from one department to[ ] another where that authority rests with the Presiding Judge . . . ." The trial court rejected this argument on the grounds that the reassignment order was part of the opening of a new department in the court, Jahanshahi did not cite any legal authority to support the claim that the reassignment was unlawful, and, under the law of the case doctrine, the argument failed because we rejected it in Jahanshahi's first appeal. Jahanshahi again makes only this conclusory assertion of lack of jurisdiction, which he fails to support with legal authority or argument explaining why the trial court ruling was erroneous.

Second, Jahanshahi claims that Rosenfeld and his attorneys misled the court, and he "can and will provide ample evidence of misquoting citations, false, untruthful declarations" if this court grants one of his pending requests for an order to show cause regarding contempt.

Third, Jahanshahi asserts the trial court ignored evidence of a refunded filing fee. The trial court rejected this argument, citing evidence that a duplicate charge that was refunded was not included in the request for fees. Jahanshahi does not point to any evidence to the contrary.

These claims do not establish reversible error.[7] An appellant must do " 'more than simply stating a bare assertion

---

[7]     We also rejected similar arguments in the prior appeal. To the extent Jahanshahi is re-asserting these arguments based on

11

that the judgment, or part of it, is erroneous and leaving it to the appellate court to figure out why; it is not the appellate court's role to construct theories or arguments that would undermine the judgment . . . .' [Citation.]" (*Lee v. Kim* (2019) 41 Cal.App.5th 705, 721 (*Lee*); *Mansell v. Board of Administration* (1994) 30 Cal.App.4th 539, 546 ["[I]t is not this court's function to serve as [appellant's] backup appellate counsel . . . ."].) Jahanshahi was required to support his arguments with citations to legal authority and the record, where relevant. He has not done so. His unsupported assertions are insufficient to show error. The failure to support claims with legal argument or citation to authority forfeits such contentions. (*Delta Stewardship Council Cases* (2020) 48 Cal.App.5th 1014, 1075; *Lee*, at p. 721; *Hernandez v. First Student, Inc.* (2019) 37 Cal.App.5th 270, 277.)

Finally, Jahanshahi argues a notice of errata that Rosenfeld filed in the trial court was not authorized because his legal research has not found a statute or rule authorizing a notice of errata. The notice of errata corrected a factual misstatement in one of Rosenfeld's briefs. Rosenfeld argues this issue is not appealable because there was no related order to appeal. Regardless, even if we were to find it within the scope of the appealed order, Jahanshahi has not explained how the errata prejudiced him, and therefore we would find no basis to reverse. (Code Civ. Proc., § 475; *People v. Watson* (1956) 46 Cal.2d 818,

_____

the same conduct he alleged in the prior appeal, we also must reject them based on the law of the case doctrine. (*Finato v. Keith A. Fink & Associates* (2021) 68 Cal.App.5th 136, 148 [determinations in prior appeal were subject to law of the case]; *Bell v. Farmers Ins. Exchange* (2004) 115 Cal.App.4th 715, 727 ["the reconsideration of a prior appeal is ordinarily precluded by the law-of-the-case doctrine"].)

836 [reversal test is whether a "result more favorable to the appealing party would have been reached in the absence of the error"].)

## IV. Motions for Sanctions and Requests for Orders to Show Cause

Jahanshahi has filed three motions for sanctions in this matter. Two of the motions also request that we issue orders to show cause why Rosenfeld and his attorneys should not be held in contempt.

Jahanshahi cites rule 8.276(a)(4), which gives this court the discretion to impose sanctions against any party or attorney for committing any "unreasonable" violation of the appellate court rules.[8] "An appellate court has the authority to impose sanctions to ensure that the purposes of its rules of court are achieved and to discourage the future violations of court rules." (*Campagnone v. Enjoyable Pools & Spas Service & Repairs, Inc.* (2008) 163 Cal.App.4th 566, 570; *Pierotti v. Torian* (2000) 81 Cal.App.4th 17, 29.) However, "[a] request for sanctions should be reserved for serious violations of the standard of practice . . . ." (*Kim v. Westmoore Partners, Inc.* (2011) 201 Cal.App.4th 267, 293.) Therefore, "not every violation of a procedural rule is properly sanctionable, as some may be . . . relatively inconsequential." (*Huschke v. Slater* (2008) 168 Cal.App.4th 1153, 1162.)

We decline to sanction Rosenfeld or his attorneys or to commence contempt proceedings. In his first motion, Jahanshahi argues that Rosenfeld is not represented by "Singleton Law Firm"

---

[8] In addition, Jahanshahi cites Code of Civil Procedure section 1212, which governs contempt outside the presence of the court.

13

and has been representing himself.[9]  Jahanshahi refers to telephone calls to the law firm and other communications from December 2020 to October 2023, as allegedly supporting this assertion.  The communications, even if accurately reported, do not indicate that Rosenfeld has in fact been representing himself or that there is any reason for this court to reject the trial court's findings dismissing this argument.  We have already concluded the trial court reasonably dismissed this contention.  We need not consider it again in the guise of a request for sanctions.

Jahanshahi also asserts a number of claims about the conduct of Rosenfeld and his attorneys, many of which predate this appeal.  These include assertions that Rosenfeld's attorneys filed false declarations in the trial court, misrepresented legal authority, engaged in improper conduct in relation to attorney Raghupathi's departure from the law firm, and otherwise violated court rules.  These unsupported claims similarly do not provide a basis for appellate sanctions.

Jahanshahi's second motion urges sanctions for Rosenfeld's counsel's use of electronic communications and electronic service.  Again, assertions relating to conduct predating this appeal do not provide a basis for this court to sanction counsel.  (See *Lake Lindero Homeowners Assn., Inc. v. Barone* (2023) 89 Cal.App.5th 834, 850, fn. 15 [denying motion for sanctions based on conduct that "appears to relate largely to events that occurred before the underlying action," citing rule 8.276(a)].)  And, as discussed

---

[9]     As of August 4, 2021, the Singleton Law Firm, APC, changed its firm name to Singleton Schreiber McKenzie & Scott, LLP.  It appears from the respondent's brief and other filings that the firm name is now Singleton Schreiber, LLP.

above, Rosenfeld's counsel did not engage in sanctionable conduct by electronically serving documents related to the appeal.

In his third motion, Jahanshahi argues that Raghupathi is not Rosenfeld's counsel and never was, and, even if she were, she was required to file a notice of attorney substitution with the court and failed to do so. The record, however, establishes that the document titled "Notice of Association of Counsel" filed in this court on October 13, 2023, substituted out Raghupathi as counsel. Additionally, as detailed above, there is uncontroverted evidence that Raghupathi was Rosenfeld's counsel in the first appeal.

Accordingly, we find no basis to conclude Rosenfeld or his counsel have violated court orders, or to impose appellate sanctions.

## DISPOSITION

The order is affirmed.  Respondent to recover his costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

                                                ADAMS, J.

We concur:

              EDMON, P. J.

              BERSHON, J.*

---

*       Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.