Filed 12/29/25  Horton v. Takeda Pharmaceuticals USA CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| RENEE HORTON et al., | D085379 |
| Plaintiffs and Appellants, | |
| v. | (Super. Ct. No. CVRI2400434) |
| TAKEDA PHARMACEUTICALS USA, INC. et al., | |
| Defendants and Respondents. | |

APPEAL from a judgment of the Superior Court of Riverside County, Daniel A. Ottolia, Judge.  Affirmed.

John F. Litwin; Laurel Employment Law, Joshua White, Seoyoung Mia Ahn, Michiko M. Vartanian, and Anna Coughlin for Plaintiffs and Appellants.[1]

---

1    After Litwin filed the notice of appeal, Laurel Employment Law, APC substituted in as counsel for each of the named appellants/plaintiffs, on August 8 and September 10, 2025.

Coughlin appeared late for oral argument, after Respondents' counsel left, and after the matter was submitted.  The court informed her it would not hear her arguments on the merits of the appeal.

Seyfarth Shaw, Timothy L. Hix and D. Joshua Salinas for Defendants and Respondents.

## INTRODUCTION

Renee Horton, Jessica Rubio, and Vivian Marquez (together, Plaintiffs) sued their employer, Takeda Pharmaceuticals USA, Inc. (Takeda) and Biolife Plasma Services L.P. (Biolife) (together, Defendants). Plaintiffs claimed a non-solicitation clause in their employment agreement was void by statute, entitling them to relief and damages. The challenged clause stated, in part, that current and former employees were prohibited from soliciting, inducing, or encouraging Takeda employees to leave Takeda employment. The trial court sustained Defendants' demurrer without leave to amend, finding Plaintiffs lacked standing. Plaintiffs appeal the judgment, contending the trial court erred by sustaining the demurrer without leave to amend and offering two possible amendments to cure the standing defect. We find no error and affirm.

After we issued an order to show cause why sanctions should not be imposed on Plaintiffs' counsel for filing a false notice of settlement, and allowing counsel the opportunity to file a response and to be heard, we now impose monetary sanctions of $3,000 on Laurel Employment Law, APC and award Defendants their attorney fees in connection with the order to show cause in an amount to be determined by the trial court.

## BACKGROUND

### I.

### *The Operative Complaint*

In January 2024, Plaintiffs filed a seven-page, 29-paragraph putative class action complaint against Takeda and Biolife.

2

Plaintiffs asserted one cause of action under Business and Professions Code section 16600[2] for "unlawful non-solicitation agreements." (Capitalization and boldface omitted.)

Four paragraphs of the complaint set forth the following "facts common to all causes of action":[3] (Capitalization and boldface omitted.)

Biolife is a wholly owned subsidiary of Takeda, which is a wholly owned subsidiary of Takeda Pharmaceuticals, Ltd., a pharmaceutical company.

Plaintiffs "are current employees of Defendants, directly employed by B[iolife]." They "were employed in the County of Riverside," California.

"As a condition of their employment, employees of Defendant were and are required to execute a document entitled 'Restrictive Covenant and Intellectual Property Rights Agreement. The Agreement states, in part, that current and former employees are prohibited from 'solicit[ing], induc[ing] or encourage[ing] any employee of Company to leave Company or to cease his/her relationship with Company.' " (The alleged agreement was not attached as an exhibit to the complaint and so is not in the record on appeal.)

Five paragraphs of the complaint set forth the following allegations of the sole cause of action:

"Plaintiffs refer to and incorporate herein by reference the above paragraphs as though fully set forth herein."

---

[2]    Undesignated section references are to the Business and Professions Code.

[3]    In accordance with the rules governing appellate review of a superior court's ruling on a demurrer, the following factual recitation is taken from the allegations of the operative complaint. (*Aubry v. Tri-City Hospital Dist.* (1992) 2 Cal.4th 962, 966–967.)

3

"Business and Professions Code section 16600 voids any contract that restrains employees from engaging in a lawful profession, trade, or business of any kind."

"Defendants required Plaintiffs to sign an agreement that prevented them from 'solicit[ing], induc[ing] or encourage[ing] any employee of Company to leave Company or to cease his/her relationship with Company.' This action violates Business and Professions Code section 16600."

"Defendants acted intentionally, oppressively, and maliciously toward Plaintiffs and the Class Members, with a conscious disregard of their rights, or the consequences to them, with the intent of depriving them of property and legal rights and otherwise causing them injury."

"Pursuant to California Business and Professions Code § 16600.5, Plaintiffs and the Class are entitled to injunctive relief, actual damages, and attorneys' fees."

That's it.

The remaining 20 paragraphs of the complaint set forth the names of the parties, jurisdiction and venue, and class allegations.

## II.

### *Record on Appeal*

We know the following based on the register of actions. Defendants filed a demurrer, with a supporting memorandum of points and authorities and a declaration by attorney D. Joshua Salinas, on March 29, 2024. Plaintiffs filed their opposition to the demurrer on June 4. Defendants filed a reply on June 10. A hearing on the demurrer was held on June 17. Judgment for Defendants was entered July 22, and notice of entry of judgment was filed August 13.

On September 10, 2024, Plaintiffs filed a notice of appeal, identifying the appealed from judgment as the judgment of dismissal after an order sustaining a demurrer.[4]

Plaintiffs elected to proceed with a clerk's transcript under California Rules of Court, rule 8.122, and to proceed without a reporter's transcript. The record on appeal is 58 pages and consists of the following: minute order on the demurrer, minute order on a motion to strike, amended minute order on the demurrer, judgment for defendants, notice of entry of judgment, notice of appeal, notice designating the record on appeal, and the register of actions.

We later granted Plaintiffs' motion to augment the record with the operative complaint.

None of the pleadings filed in support of or opposition to the demurrer is in the record on appeal.

III.

*Ruling on Demurrer*

According to the trial court's amended June 17, 2024 minute order and July 19, 2024 judgment, Defendants' demurrer was sustained without leave to amend.

---

[4]    Concurrent with the demurrer, Defendants filed a motion to strike the class allegations. According to the trial court's June 17, 2024 minute order and the July 19, 2024 judgment, the motion was granted without leave to amend. The court found, among other things, that "[c]ommonality and predominance [we]re not sufficiently pled." Plaintiffs have waived any challenge to this judgment by failing to set forth any argument concerning the order in their opening brief on appeal. (*Reyes v. Kosha* (1998) 65 Cal.App.4th 451, 466, fn. 6 ["Issues not raised in an appellant's brief are deemed waived or abandoned."].) We thus do not discuss the motion to strike any further.

The court explained:  "California does not prohibit an employee non-solicitation restriction during employment," citing to *Techno Lite, Inc. v. Emcod, LLC* (2020) 44 Cal.App.5th 462, 472 and *Angelica Textile Services, Inc. v. Park* (2013) 220 Cal.App.4th 495, 509.  "Here, the Plaintiffs are all current employees of the Defendants."  And section 16600 "only applies to noncompete and customer non-solicitation agreements in the post-employment context."

"In addition," the court ruled, "Plaintiffs fail to allege facts demonstrating that their capacity to engage in their chosen profession, trade, or business has somehow been impaired during their employment with Defendants.  In other words, Plaintiffs fail to allege any cognizable injuries arising from the restrictions imposed by the non-solicitation agreement, and it is unlikely that Plaintiffs can amend the Complaint to cure any of these deficiencies."

## DISCUSSION

Plaintiffs contend the trial court erred in sustaining the demurrer and abused its discretion in denying leave to amend.

### I.

### *Standard of Review*

In an appeal from a judgment entered upon a demurrer sustained without leave to amend, we review the challenged pleading de novo to determine whether it alleges facts sufficient to state a cause of action under any legal theory.  (*McClain v. Octagon Plaza, LLC* (2008) 159 Cal.App.4th 784, 791–792.)  We assume the truth of "(1) all facts properly pleaded by the plaintiff, (2) all facts contained in exhibits to the complaint, (3) all facts that are properly the subject of judicial notice, and (4) all facts that reasonably may be inferred" from such facts.  (*Neilson v. City of California City* (2005)

6

133 Cal.App.4th 1296, 1305.) We do not, however, accept the truth of allegations that constitute legal contentions, conclusions of law, or deductions drawn from those legal contentions or conclusions. (*Ibid.*) It is the plaintiff's burden to show the trial court erred in sustaining the demurrer. (*Bruni v. The Edward Thomas Hospitality Corp.* (2021) 64 Cal.App.5th 247, 254.)

We review a trial court's order denying leave to amend for abuse of discretion, even if the plaintiff made no request to amend the pleading. (*Salazar v. Target Corp.* (2022) 83 Cal.App.5th 571, 576–577 (*Salazar*); see Code Civ. Proc., § 472c, subd. (a).) The plaintiff has the burden to show the court abused its discretion and " 'show in what manner [she or] he can amend [the] complaint and how that amendment will change the legal effect of [the] pleading.' " (*Salazar*, at p. 577.) This may be done for the first time on appeal. (*Ibid.*; Code of Civ. Proc., § 472c, subd. (a).) To meet this burden, on appeal, the plaintiff must " 'enumerate the facts and demonstrate how those facts establish a cause of action.' " (*Salazar,* at p. 577.) Without such a showing, we " 'cannot assess whether or not the trial court abused its discretion by denying leave to amend.' " (*Ibid.*) If the plaintiff shows there is a " 'reasonable possibility' " the defect could be cured by amendment, we conclude the trial court abused its discretion; if not, no abuse of discretion has occurred. (*Ibid.*)

Ordinarily, an appellant's failure to provide a complete record on appeal will result in the affirmance of the challenged judgment. (*Gee v. American Realty & Construction Inc.* (2002) 99 Cal.App.4th 1412, 1416 [appellant defaults and the superior court decision is normally affirmed if the appellate record is inadequate for meaningful review]; *Hernandez v. California Hospital Medical Center* (2000) 78 Cal.App.4th 498, 502 [resolving order on motion to strike against plaintiff for failure to include the motion,

opposition, and court's order].)  Here, as we have noted, the record that Plaintiffs designated on appeal does not include the demurrer, opposition or reply.  Their inclusion would have permitted us a more adequate picture of what was before the trial court.  However, we have the challenged complaint and the court's ruling and, because the ruling is subject to de novo review on appeal, the record is *nominally* adequate for this purpose and, in keeping with policies governing appellate review, we address the appeal on its merits.

II.

*The Trial Court Did Not Err by Sustaining the Demurrer*

The trial court sustained the demurrer because it concluded Plaintiffs lacked standing, and a party must have standing to bring a lawsuit.  (*People ex rel. Becerra v. Superior Court* (2018) 29 Cal.App.5th 486, 495 (*Becerra*).)  "[S]tanding concerns a specific party's interest in the outcome of a lawsuit" (*Weatherford v. City of San Rafael* (2017) 2 Cal.5th 1241, 1247), and the plaintiff bears the burden of establishing it (*Becerra,* at p. 495).  We independently consider whether Plaintiffs meet this burden.

When a cause of action is based on a California statute, standing is "a matter of statutory interpretation." (*Adolph v. Uber Technologies Inc.* (2023) 14 Cal.5th 1104, 1120 (*Adolph*).)  To determine the standing requirement for a statutorily-based cause of action, we consider the language of the statute as well as its underlying legislative intent.  (*Kim v. Reins International California, Inc.* (2020) 9 Cal.5th 73, 83.)

Plaintiffs raise a single cause of action in the complaint, a violation of section 16600.  Section 16600, subdivision (a), states, "[e]xcept as provided in this chapter, every contract by which anyone is restrained from engaging in a lawful profession, trade, or business of any kind is to that extent void."  Section 16600.5, subdivision (e), establishes a private right of action for

8

violation section 16600: "An employee, former employee, or prospective employee may bring a private action to enforce this chapter for injunctive relief or the recovery of actual damages, or both." (See *Lagrisola v. North American Financial Corp.* (2023) 96 Cal.App.5th 1178, 1196 [private right of action is established by statutes].)

The language in section 16600.5, subdivision (e), is consistent with the general standing requirement that plaintiffs must allege an injury, that is, "some 'invasion of the plaintiff's legally protected interests.' " (*Angelucci v. Century Supper Club* (2007) 41 Cal.4th 160, 175; see *Guracar v. Student Loan Solutions, LLC* (2025) 111 Cal.App.5th 330, 343 [discussing standing under California law].) Section 16600.5, subdivision (e), makes clear a private individual may bring suit for violation of section 16600 to enjoin a prospective employer, a current employer or a future employer, or to recover actual damages from them. A plaintiff seeking injunctive relief must demonstrate "the defendant's wrongful acts threaten to cause *irreparable* injuries, ones that cannot be adequately compensated in damages." (*Intel Corp. v. Hamidi* (2003) 30 Cal.4th 1342, 1352.) A plaintiff seeking actual damages must show detriment caused by the defendant's wrongful conduct. (Civ. Code, § 3333; *Sacramento Municipal Utility District v. Kwan* (2024) 101 Cal.App.5th 808, 814.)

The legislative analyses for Senate Bill No. 699 (2023–2024 Reg. Sess.), which added section 16600.5 to the Business and Professions Code in 2023, supports the conclusion that Plaintiffs must demonstrate injury. The bill's author explained: "[C]ompanies that do business in California continue to attempt to enforce noncompete agreements against California residents," and "[e]mployers who pursue frivolous noncompete litigation can have a chilling effect on employee mobility. S[enate] B[ill No.] 699 seeks to strengthen

9

penalties for employers who attempt to utilize non-competes[.]" (Sen. Rules Com., Off. of Sen. Floor Analyses, Comments to Sen. Bill No. 699 (2023–2024 Reg. Sess.) as amended May 18, 2023, p. 3.) Further, proponents of the legislation "believe[d] that the enforcement mechanism and enhancements to the restraint of trade law [would] deter employers from pushing noncompete clauses into employment contracts and from threatening employees with lawsuits over contract provisions that are void." (*Id.*, at p. 4.) The purpose of the bill is clear: to protect the mobility of employees.

Consistent with this purpose, to show standing, plaintiffs must demonstrate their legally protected interest in engaging in lawful work has been injured by the defendant. This Plaintiffs have failed to do. Their complaint does not include *any facts* that demonstrate Plaintiffs' protected interests have been or are about to be harmed by Defendants. There are *no allegations* that former employees formed competing companies and refrained from offering jobs to Plaintiffs. Plaintiffs do not allege that Defendants threatened or attempted to enforce the non-solicitation agreement. And Plaintiffs do not identify any job opportunities lost because of the non-solicitation agreement.

Although Plaintiffs argue in their brief that noncompetition agreements generally chill employee mobility, and they state that former employees (other than Plaintiffs) "may have otherwise been inclined to present [Plaintiffs] with a lucrative employment opportunity," but "declined to do so in fear of facing a lawsuit," these are not facts to be found anywhere in the complaint. Still, they are not facts that would support a cause of action under section 16600 because they do not demonstrate that these plaintiffs suffered an invasion into their legally protected interests. The same is true of Plaintiffs' argument that the wages of employees (other than Plaintiffs) "have

10

indirectly been suppressed as a result of [Defendants] not being required to compete in a free and fair market." This also does not demonstrate any injury to these plaintiffs.

In short, the complaint does not attempt to show how Defendants' alleged conduct interfered with Plaintiffs' ability to practice their chosen profession, and it therefore fails to state a cause of action. Thus, Plaintiffs have not met their burden to establish standing (*Becerra, supra,* 29 Cal.App.5th at p. 495), and the court did not err in sustaining the demurrer.[5]

III.

*The Trial Court Did Not Abuse Its Discretion in Denying Leave to Amend*

For the first time on appeal, Plaintiffs offer two amendments to cure the pleading defect: the addition of a new cause of action, and the additional fact that two of the plaintiffs are no longer employed by Defendants.

Plaintiffs seek to amend their complaint to state a new cause of action, a violation of section 16600.1. Section 16600.1 requires an employer, by February 14, 2024, to notify current and former employees, employed after January 1, 2022, that their noncompete clause or agreement is void. (§ 16600.1, subd. (b)(1).) Plaintiffs argue amending the complaint to allege they did not receive the required notice would cure the defect because these facts would allow them to seek injunctive relief, directing Defendants to comply with the notice requirements.

An amendment to add a cause of action under section 16600.1 does not cure the standing defect with respect to section 16600. Such an amendment

---

5    The trial court separately concluded Plaintiffs lacked standing because section 16600 does not affect limitations on employee conduct during employment. Because we conclude Plaintiffs lack standing for failing to plead any injury, we do not address this alternative reason.

11

would allege an entirely different cause of action, under a different statute, with different operative facts. This is not a proffer of a new legal theory on appeal, which is permissible (*Gutierrez v. Carmax Auto Superstores California* (2018) 19 Cal.App.5th 1234, 1244), because the new cause of action relies on new facts. In essence, Plaintiffs offer to replace the cause of action based on entirely different conduct.

Even assuming Plaintiffs could properly amend their complaint to add a new cause of action for the first time on appeal, Plaintiffs' proposed amendment is insufficient because they do not identify any facts that support this new cause of action. They state that they "may have been able to state affirmatively" that Defendants entered a void non-solicitation agreement after January 1, 2022, or that Defendants "have failed to provide the required notice." These allegations fall short of the requirement to " 'enumerate the facts and demonstrate how those facts establish a cause of action' " (*Salazar, supra,* 83 Cal.App.5th at p. 577) under section 16600.1.

Most damaging to Plaintiffs' argument, though, is that they cannot properly plead a cause of action under section 16600.1 because "a defect in standing cannot be cured by postfiling events." (*Coral Construction, Inc. v. City and County of San Francisco* (2004) 116 Cal.App.4th 6, 12, fn. 6 (*Coral Construction*).) Plaintiffs want to incorporate facts that occurred after they filed their complaint, but the facts that existed *at the time of the complaint* must be adequate to establish standing. (*Ibid.*) Plaintiffs filed their complaint on January 25, 2024, before the February 14, 2024 deadline for companies to give notice to employees. (§ 16600.1, subd. (b)(1).) Thus, at the time the complaint was filed, Defendants could not have been in violation of section 16600.1 because they were not yet required to provide notice. This is fatal to Plaintiffs' proposed amendment.

Plaintiffs also offer to amend their complaint to address the trial court's finding that "California does not prohibit an employee non-solicitation restriction during employment" by alleging two of the plaintiffs are no longer employed by Defendants.  Having concluded the Plaintiffs lack standing because they do not identify any injury, we need not consider whether this pleading would cure the standing defect based on whether Plaintiffs are current or former employees.  We note, however, that because Plaintiffs cannot amend a complaint with postfiling events (*Coral Construction, supra,* 116 Cal.App.4th at p. 12, fn. 6), this proffered amendment would not cure the defect.

Because there is no reasonable probability that either suggested amendment would cure the defect in the complaint (see *Salazar, supra,* 83 Cal.App.5th at p. 577), the trial court did not abuse its discretion by denying leave to amend.

IV.

*Sanctions*

On November 6, 2025, we sent the parties a calendar notice, setting oral argument for December 9, 2025.

On November 7, 2025, Plaintiffs filed a notice of settlement, signed by Michiko M. Vartanian, an attorney with Laurel Employment Law, APC. Plaintiffs' proof of service showed the notice of settlement was served on Defendants' counsel, D. Joshua Salinas and Timothy Hix of Seyfarth Shaw LLP, on November 7.

On November 17, 2025, we issued an order accepting the notice of settlement and vacating oral argument, and further ordered Appellants to file a request to dismiss the appeal within 45 days of their notice of settlement.  (Cal. Rules of Court, rule 8.244.)

13

Immediately after we issued this order, on November 17, 2025, Salinas filed an application on behalf of Defendants to reinstate oral argument, stating the matter was not settled, and he believed Plaintiff's notice "g[a]ve the Court an inaccurate impression of the case status." Salinas explained Plaintiffs' counsel informed him on November 6 that there was no settlement because the lead plaintiff, Horton, refused to sign the agreement and their firm no longer represented Horton. Salinas contacted Plaintiffs' counsel on November 11 to confirm the status of settlement and, on November 17, was again told by Plaintiffs' counsel that there was no settlement.

On November 18, 2025, Plaintiffs filed an *unsigned* notice of errata, stating the November 7 notice of settlement was "filed in error," "the result of internal miscommunication within counsel's office," and it did "not reflect the status of [the] appeal." The notice of errata had two attorneys' names listed below the signature line: Joshua I. White, State Bar No. 278166, and Seoyoung Mia Ahn, State Bar No. 341093 of Laurel Employment Law, APC.

On November 18, 2025, we reinstated oral argument and set it for 9:00 a.m. on December 9, 2025. We issued an order to show cause why sanctions should not be imposed against Plaintiffs' counsel for filing a notice of settlement when no settlement was reached between the parties. (See Cal. Rules of Court, rule 8.276(c).) We also issued an order to show cause why sanctions should not be imposed against Defendants' counsel for failing to notify the court immediately of the misrepresentation. (See *ibid.*) We directed Vartanian and Salinas, as well as any other counsel appearing at the oral argument, to appear in person. We permitted counsel to file a response to the order to show cause within 10 days of the order.

Only Defendants' counsel filed a response to the order to show cause. In it, Salinas explained the parties had reached a tentative settlement in

14

July 2025 but, over the next four months, he was unable to obtain Horton's execution of the agreement. (Salinas was informed by Plaintiffs' counsel that the claims of the two other named plaintiffs, Rubio and Marquez, had "become moot" and they would not be executing the settlement agreement.) After Salinas received Plaintiffs' filed notice of settlement, he emailed Vartanian on November 11 to discuss his concerns that the notice gave the court an inaccurate impression of the case status. Ahn replied, stating she had "taken over to handle this matter" and was "investigating" Salinas's concerns. Salinas attempted to reach Ahn by phone and email again on November 12, 13, and 17 and received no response.

On November 17, 2025, Salinas called Plaintiffs' counsel in "one last attempt" and was told the notice of settlement had been "filed in error" and Plaintiffs' counsel would correct it. Later that day, however, this court issued its order accepting the notice of settlement and vacating the December 9, 2025 oral argument. A few hours later, Defendants filed their application to reinstate oral argument.

Only after all these events did Plaintiffs' counsel file their unsigned notice of errata with the court, on November 18, 2025.

On December 9, 2025, when we called the matter for combined oral argument and hearing on the order to show case, no attorney from Laurel Employment Law, APC appeared. We gave Salinas an opportunity to respond to the order to show cause, and to argue the merits of the matter. We then submitted the matter.

After submission, Anna Coughlin, an attorney with Laurel Employment Law, APC checked in with the clerk's office around 9:45 a.m. The panel reconvened to allow her an opportunity to respond to the order to show cause re sanctions. Coughlin stated she was "specially appearing" for

15

Plaintiffs/Appellants; she had not appeared on any of the briefing or filings with the court.

When asked why Vartanian did not appear in person, Coughlin reported Vartanian was no longer with the firm as of "a month ago or a couple of weeks ago." When pressed, she said she believed Vartanian left within "the first week or so of November." When the court asked Coughlin why White and Ahn, the attorneys who filed the notice of errata, did not appear in person, she said they were "indisposed." When asked what that meant, Coughlin stated she believed White and Ahn were scheduled to appear in federal district court in Los Angeles. She did not have information about why they failed to alert the court to their scheduling conflict. Coughlin, herself, was unprepared to address the court's order to show cause. She offered no information about why the firm filed the false notice of settlement, why it took so long to correct the false statement, or why the firm failed to respond to the court's order to show cause.

Because there has been no satisfactory explanation of when Vartanian left Laurel Employment Law, APC, we are unable to determine whether Vartanian's departure predated our order to show cause re sanctions and whether Laurel Employment Law, APC informed Vartanian of our order for her to appear in person at the hearing. Although we find Vartanian's conduct sanctionable, we discharge the order to show cause as to her individually because we cannot conclude she has received notice or an opportunity to be heard. This leaves Plaintiffs' counsel of record, Laurel Employment Law, APC.

California Rules of Court, rule 8.276(a)(3) and (a)(4), permit us to impose sanctions for filing a frivolous motion or committing an unreasonable violation of the rules. A motion is objectively frivolous when any reasonable

16

attorney would conclude that it "is totally and completely without merit." (*In re Marriage of Flaherty* (1982) 31 Cal.3d 637, 650.)

California Rules of Professional Conduct, rule 3.3(a)(1), prohibits an attorney from "knowingly . . . mak[ing] a false statement of fact or law to a tribunal or fail[ing] to correct a false statement of material fact or law previously made to the tribunal by the lawyer." A person's knowledge may be inferred from the circumstances. (Rules Prof. Conduct, rule 1.0.1(f).) Further, section 6068, subdivision (d), states it is the duty of an attorney "[t]o employ . . . those means only as are consistent with truth, and never to seek to mislead the judge or any judicial officer by an artifice or false statement of fact or law."

Laurel Employment Law, APC filed a signed notice of settlement, representing that the matter was wholly settled. It was not. Plaintiffs' attorneys knew it was not settled when they filed the notice of settlement on November 7, 2025. They had told Salinas, just the day before, that it was not settled because Horton refused to sign the agreement. Thus, by filing the notice of settlement, Plaintiffs' attorneys knowingly made a false statement of material fact to this court. (Rules Prof. Conduct, rule 3.3(a)(1).) Moreover, Plaintiffs' attorneys failed to correct the false statement of material fact for over 10 days. They did not contact the court immediately upon receipt of the court's acceptance of the notice of settlement. Instead, Plaintiffs' attorneys filed their notice of errata only after Defendants' counsel notified the court of the misrepresentation.

We conclude the notice of settlement was objectively frivolous because it was patently false. No reasonable attorney would conclude filing a notice of settlement when there is no settlement holds any value beyond (improperly) delaying the appeal. Notices of settlement should reflect that

17

the parties have settled the case, and the appellant anticipates dismissing the appeal within 45 days, not that the parties are negotiating a settlement, or that the parties would like additional time to negotiate a settlement agreement. (Cal. Rules of Court, rule 8.244; *Huschke v. Slater* (2008) 168 Cal.App.4th 1153, 1160 (*Huschke*).)

Laurel Employment Law, APC's lack of respect for the court and the legal process was compounded by its failure to respond to the court's order to show cause. The attorneys who filed the notice of errata, White and Ahn, did not appear at the hearing or respond to the order to show cause in writing. Coughlin, who did appear in person after the matter was submitted, was unprepared to discuss the sanctions issue. Further, Laurel Employment Law, APC's misrepresentation created confusion for the court and Defendants and their attorney, resulting in the court and Defendants' counsel expending time and resources to address the misrepresentation.

The California Code of Judicial Ethics, canon 3D(2), requires judges who conclude in a judicial decision that an attorney has violated a provision of the Rules of Professional Conduct to "take appropriate corrective action," and the Advisory Committee Commentary explains this includes writing about the misconduct in a judicial decision. We thus write about the attorneys' misconduct in this opinion to make clear such misrepresentations are harmful to the integrity of the appellate process. "It is critical to both the bench and the bar that we be able to rely on the honesty of counsel. The term 'officer of the court,' with all the assumptions of honor and integrity that append to it, must not be allowed to lose its significance." (*Kim v. Westmoore Partners, Inc.* (2011) 201 Cal.App.4th 267, 292.)

Additionally, California Rules of Court, rule 8.276, provides us broad discretion to issue sanctions. "Appellate sanctions are imposed to discourage

frivolous appeals and to compensate for losses caused by such an appeal." (*Harris v. Sandro* (2002) 96 Cal.App.4th 1310, 1316.) "[S]anctions payable to the court may be particularly appropriate because the misconduct would not otherwise be punishable, and judicial ability to discourage violations of rules essential to the efficient administration of justice would be diminished." (*Huschke, supra,* 168 Cal.App.4th at pp. 1161; see *id.* at pp. 1155–1156.)

Consistent with the goal of deterrence, we impose sanctions against Laurel Employment Law, APC in the amount of $3,000, payable to the clerk of this court within 30 days of the date of this order. (See, e.g., *Kleveland v. Siegel & Wolensky, LLP* (2013) 215 Cal.App.4th 534, 539, 559–560 [identifying and sanctioning law firm, along with individual attorneys, for filing frivolous appeal].) This amount is based in part on the cost to the court of addressing the false notice of settlement. (See *Pierotti v. Torian* (2000) 81 Cal.App.4th 17, 35 [sanctions payable to court for frivolous appeal]; *Huschke, supra,* 168 Cal.App.4th at pp. 1155–1156, 1161 [sanctions to court for failure to timely notify court of settlement].)

We also note that Laurel Employment Law, APC's improper conduct came at a cost to Defendants, and we may compensate them for fees incurred in response to Laurel Employment Law, APC's conduct. (See Code Civ. Proc., § 907 [costs on appeal may be added to sanctions]; *Foust v. San Jose Construction Co., Inc.* (2011) 198 Cal.App.4th 181, 189 [sanctions paid to court and opposing counsel in frivolous appeal].) Accordingly, we impose additional sanctions payable to Defendants for the fees and costs associated with addressing the order to show cause re sanctions, in an amount to be determined by the trial court.

We now discharge the order to show cause re sanctions as to Salinas and Defendants' counsel because we find they acted with reasonable diligence in addressing Plaintiffs' false notice of settlement and alerting this court.

DISPOSITION

The judgment is affirmed. Defendants are entitled to their costs on appeal. (Cal. Rules of Court, rule 8.278(a)(1) & (a)(2).)

As sanctions for filing a false notice of settlement, Laurel Employment Law, APC is ordered to pay $3,000 in sanctions to this court within 30 days of this order, as well as sanctions to Defendants for the fees and costs associated with addressing the order to show cause re sanctions, in an amount to be determined by the trial court. (Cal. Rules of Court, rule 8.276(a)(3) & (a)(4).) The clerk of this court and Laurel Employment Law, APC are each directed to notify the State Bar of the imposition of sanctions. (§§ 6086.7, subd. (a)(3), 6068, subd. (o)(3).) This opinion serves as notice to counsel that the matter of the sanctions imposed has been referred to the State Bar. (§ 6086.7, subd. (b).)

DO, J.

WE CONCUR:


McCONNELL, P. J.


IRION, J.

20